### EBELING v. BIDDLE, Warden.

(Circuit Court of Appeals, Eighth Circuit. June 28, 1923.)

No. 6149.

Prisons ⬳15—For purposes of good conduct allowance, cumulative sentences are considered as single term.

> Under Act June 21, 1902, § 1 (Comp. St. § 10532), providing for reduction of terms of prisoners for good conduct, varying with the length of the sentence, and that "when a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated," where a prisoner is serving cumulative sentences his allowance is not to be deducted from each term, but his imprisonment is considered as a single term for the aggregate of the several sentences, and conduct by which he forfeits his right to the allowance applies to the entire term.

Appeal from the District Court of the United States for the District of Kansas.

Habeas corpus by George Ebeling against W. I. Biddle, Warden of the United States penitentiary at Leavenworth, Kan. From a judgment denying the writ, petitioner appeals. Affirmed.

Lee Bond, of Leavenworth, Kan., for appellant.

Alton H. Skinner, Asst. U. S. Atty., of Kansas City, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before SANBORN, Circuit Judge, and BOOTH and FARIS, District Judges.

FARIS, District Judge. Appellant, petitioner in the district court for a writ of habeas corpus, being cast there, has appealed from a judgment remanding him to the custody of appellee, as warden of the United States Penitentiary, at Leavenworth, Kan.

The facts are simple and uncontradicted, and run briefly thus: Appellant, on his plea of guilty to six separate counts of an indictment, was sentenced to the penitentiary, for terms of three years on each count thereof. On five of these counts, the sentences were cumulative. On the remaining count, the sentence ran concurrently with the sentences imposed on one of the other five counts; so that the total sentence imposed by the trial court was fifteen years. Appellant was received at the penitentiary on the 21st day of May, 1910, and without deducting the statutory allowances of time off for good behavior, his term will expire on the 21st day of May, 1925.

In November, 1916, after having been incarcerated for six years and six months, he escaped from the penitentiary. Having been recaptured, his entire statutory allowances for time off for good behavior were canceled.

Contending that his sentences had expired and that he was entitled to his release, he sued out this writ of habeas corpus. He bottomed this contention upon the theory that, since the five cumulative sentences are in legal contemplation separate convictions and tantamount to five convictions on separate criminal charges contained in separate indictments; and having, as he contends, already served in full three of such sentences before his escape, he is entitled to have his statutory allowances of time off for good behavior deducted from the six years and six months, and from each of three full terms, of three years each, which he contends had already expired when the appellee undertook to cancel his good conduct allowances. It is apparent that the case involves nothing but a construction of the statute, by grace of which time off for good conduct is given to prisoners. It is conceded by appellee that inherently each sentence imposed on appellant is a separate and distinct entity. So, if appellant were entitled as a matter of right, absent the statute, to deductions, this concession would settle the case. But he is not so entitled. If there were no such statute, he would be compelled to serve in full the sentences imposed. He must get his time off, if at all, pursuant to the statute and not otherwise. This is conceded, and both parties rely on the statute. So far as pertinent, touching allowances of time off for good behavior, this statute reads thus:

"Upon a sentence of not less than three years and less than five years, seven days for each month; upon a sentence of not less than five years and less than ten years, eight days for each month; upon a sentence of ten years or more, ten days for each month. *When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated.*" 32 Stat. 397 (Comp. St. § 10532).

It is not necessary to consider any of the language of this statute except the last sentence quoted, and italicized. Whatever be the legal effect of cumulative sentences, the statute which fixes the deductions for good conduct provides that the basis of computation shall be the aggregate of the terms of imprisonment. And it is fairly plain that the warden need not compute or apply the statutory deductions for good conduct at all, until after a prisoner, having sentences aggregating 15 years, has served such number of days, with good behavior, as, when added to the deductions allowed at the rate of 10 days for each month, shall equal the total of the combined sentences assessed against him.

Any other view would lead to absurd consequences, and nullify the results sought to be accomplished by the statute. This result is intended to be a reward for good behavior, tending to ease of administration, and making for the reform of the prisoner. If these allowances were applied as the several sentences expire, as appellant contends, then he would be entitled to them, provided he had conducted himself well during any term of three years, regardless of his behavior during any other term of three years.

The language of the statute fixing the conditions upon which the allowances are granted negatives the contention urged. For this statute allows these deductions to the prisoner only "whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment." When this language is read in connection with the last sentence of the statute, heretofore quoted, it becomes too obvious for argument that the contention of appellant is unsound.

The case of In re Greenwald (C. C.) 77 Fed. 590, cited and largely relied on by appellant, does not bear out his contention, and what is said in that case in no material way militates against the views expressed herein. It follows that the judgment below was correct, and it ought to be affirmed, and affirmance is accordingly ordered.