**CARROLL v. ZERBST, Warden.**
No. 1180.

Circuit Court of Appeals, Tenth Circuit.
April 9, 1935.

962

John P. Carroll, pro se.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is a proceeding in habeas corpus. The petition was filed in October, 1933, and it was denied on June 9, 1934. These are the facts: The United States Court for the Northern District of Oklahoma committed petitioner to the penitentiary at Leavenworth, Kan., for a term of seven years and he began serving it on March 27, 1926. After serving eleven months, he escaped on February 28, 1927, and was returned on June 27, 1928. He was subsequently taken to Maryland to respond to an indictment in that district charging him with burglary of a post office and larceny of property therefrom belonging to the United States, alleged to have been committed in May, 1928. He filed an affidavit of prejudice against Hon. Morris A. Soper, one of the judges of that court, afterwards entered a plea of guilty before Hon. William C. Coleman, the other judge, and received a sentence of eight years in the penitentiary at Atlanta, Ga., to begin at the expiration of the term then being served at Leavenworth.

First. The argument is made that the escape merely forfeited the good time allowance which accumulated to that date, that it did not affect that which accrued thereafter and that by allowing it he had completed the sentence imposed by the court in Oklahoma. Deduction for good conduct is authorized and the method for comput-

ing it is provided in 18 USCA § 710. The statute is designed to encourage orderly conduct of persons confined in penal institutions. If misbehaviour defeats only the deduction already earned and does not affect the situation thereafter, there is little inducement for good conduct during the early part of a term and the inducement increases with time served. On the other hand, if the entire term is the basis for reward or the denial of it, the same incentive obtains throughout and that contributes to the accomplishment of the manifest legislative purpose. We think it is clear that the statute applies to the entire term as one unit and that misconduct defeats the right to all credit for good behaviour throughout the term, not merely that previously earned. The credit is a contingent right until the time arrives when its allowance terminates imprisonment and the intervention of bad conduct in the meantime results in its allowance never being earned. Ebeling v. Biddle (C. C. A.) 291 F. 567; Aderhold v. Perry (C. C. A.) 59 F.(2d) 379. As petitioner had served only eleven months at the time of his escape, he had six years and one month to serve after his return on June 27, 1928, and that period expired July 27, 1934. Accordingly, he was not entitled to be discharged in June of that year.

Second. The sentence imposed by the court in Maryland is challenged on two grounds. It is said that the court was without jurisdiction to proceed further after the affidavit of prejudice was filed and that it could not provide that the sentence should begin at the expiration of the term then being served at Leavenworth. Petitioner had not completed the term imposed by the court in Oklahoma and for that reason the writ was correctly denied without reference to the sentence imposed by the court in Maryland, but since the question is urged we note that it presents no merit. The affidavit did not divest the court of jurisdiction of either the subject-matter or the person of the defendant. It merely affected the power of the judge against whom it was directed to proceed further with the case. It was directed against Judge Soper. The plea of guilty was entered before Judge Coleman against whom no affidavit had been lodged and he imposed the sentence. That was done on January 30, 1931, and therefore the act which become effective on June 29, 1932, 18 USCA § 709a, has no bearing. It is well settled that the court had

authority to provide that the sentence should begin at the expiration of the term then being served. Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; Frankel v. Woodrough (C. C. A.) 7 F.(2d) 796; People v. Ingber, 248 N. Y. 302, 162 N. E. 87; Rigor v. State, 101 Md. 465, 61 A. 631, 4 Ann. Cas. 719; State v. Breuer, 304 Mo. 381, 264 S. W. 1.

The order denying the writ is affirmed.