**ADERHOLD, Warden, v. HUDSON, and three other cases.**

**Nos. 7988, 8033, 8079, 8107.**

Circuit Court of Appeals, Fifth Circuit.

June 24, 1936.

Lawrence S. Camp, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., and H. T. Nichols, Atty., Dept. of Justice, all of Atlanta, Ga., for appellant.

Ellis Settlemeyer, of Corsicana, Tex., in pro. per.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

These four appeals are from judgments releasing prisoners from the Federal penitentiary at Atlanta on writs of habeas corpus. As they present the same question for decision, they may be conveniently disposed of by one opinion.

In each case the petitioner while serving a sentence for a federal offense escaped and was subsequently apprehended and convicted of the offense of escaping. All allowances for deductions from the first sentence for good conduct were forfeited by the escape and were not restored by the Attorney General. The warden allowed deductions for good conduct on the sentence imposed for escaping, based only on the term of the second sentence. The District Court held that the good-time allowance should be calculated on the aggregate of both sentences.

Conceding that usually, under the provisions of 18 U.S.C.A. § 710, sentences running consecutively are to be considered in the aggregate for the purpose of determining the rate of good-time deductions, a different situation is presented when the second sentence is imposed for the offense of escaping while serving the first sentence. Of course, any good-time allowance was forfeited on the first sentence by the escape. To add the term of that sentence to the term of the second sentence imposed for the escape, thereby increasing the number of days to be deducted per month from the second sentence, would, in effect, be giving good-time deduction on the first sentence. An allowance on a sentence for good conduct is a privilege and not a vested right. It may be denied as to all cumulative sentences for an infraction of the rules occurring during the service of any of the sentences. Aderhold v. Perry (C.C.A.) 59 F.(2d) 379; Morgan v. Aderhold (C.C.A.) 73 F.(2d)

560

171. The statute which makes it an offense to escape, 18 U.S.C.A. § 753h, contains these provisions: "The sentence imposed hereunder shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape or attempt to escape. If such person be under sentence at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape."

We consider it clear that by saying that the sentence imposed for an escape should be independent of any sentence being served at the time of the escape, Congress intended to take the sentence for an escape out of the provisions of section 710 requiring the aggregate of several sentences to be the basis upon which a deduction for good conduct would be granted. As section 753h is a much later statute, it must be construed as amending and modifying section 710.

We conclude that the warden was authorized to calculate the deduction for good time at the rate applicable to sentences imposed for escape and was not required to do so on the aggregate of both sentences.

It follows that the judgment must be reversed in each case.

Reversed and remanded.