**PAGLIARO v. COX, Warden.**

**No. 1569.**

District Court, W. D. Missouri, W. D. Jan. 6, 1944.

William L. Vandeventer, of Springfield, Mo., for plaintiff.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo., for respondent.

COLLET, District Judge.

Application for habeas corpus. The facts are simple. The question presented rather unusual. Pagliaro, the petitioner, was convicted on his plea of guilty in the United States District Court at Boston, Massachusetts, January 5, 1937, and on that day sentenced by that Court to be imprisoned for a term of three and one-half years on each of four counts of an indictment charging violations of the Harrison Anti-Narcotic Act, 26 U.S.C.A.Int.Rev.Code, §§ 2550 et seq., 3220 et seq. The sentence on the second count was that it run consecutively with the sentence on the first count and the sentence on the third and fourth counts to run concurrently with the sentence on the second—a total of seven years. A commitment was issued on the day of sentence, the petitioner was taken into custody by a United States Marshal and on the same day was placed in the East Cambridge, Massachusetts, jail to await transportation to the federal penitentiary at Lewisburg, Pennsylvania. On January 18, 1937, a Deputy United States Marshal started with petitioner to the Lewisburg Penitentiary. On the next day while en route petitioner escaped, the escape occurring in New York. He remained at large for approximately eighteen months, being re-arrested in New York, June 24, 1938. After his re-arrest and while he was detained in New York petitioner was indicted on another charge for a violation of the Harrison Act alleged to have occurred prior to his conviction in Boston. Petitioner was convicted December 6, 1938, on the New York charge and on that date sentenced to imprisonment for a term of three years and placed on probation (the term thereof does not appear), the period of probation to begin at the expiration of the seven year sentence. He was not indicted for escaping. On December 15, 1938, the Attorney General directed that the seven year term be served at the Leavenworth Penitentiary in Kansas, instead of at Lewisburg, Pennsylvania. He was delivered to the Leavenworth Penitentiary on January 5, 1939. On January 17, 1939, the Warden at Leavenworth held a hearing concerning petitioner's conduct subsequent to his January 5, 1937 sentence at Boston and forfeited petitioner's "good time" because of his escape in January, 1937.[1] He was later transferred to the United States Medical Center at Springfield, Missouri, where he is now in custody serving the seven year sentence. His conduct since delivery to the Leavenworth Penitentiary to the present time has been good. He has been given credit for the thirteen days he was held in the East Cambridge jail from January 5th to January 18th, 1937, awaiting transportation to the Lewisburg Penitentiary.[2] He has also been given credit for the period from June 24, 1938—the date of his re-arrest, to the present time. The seven year sentence, with the credits noted, but without the allowance of any "good time" will expire on June 8, 1945. If petitioner is entitled to his statu-

---

[1] Bulletin No. 193, Bureau of Prisons: "When a prisoner under sentence who escapes from a United States Marshal or his deputies en route to a Federal institution is apprehended and committed, the warden should make every effort to obtain from the Marshal from whom the prisoner escaped a complete statement of the facts concerning the same. The warden should then proceed in a similar manner as he would had the prisoner escaped from his institution. A record should be made of the amount of good time forfeited and the report filed with this Bureau."

[2] 18 U.S.C.A. § 709a. "The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received in the penitentiary, * * * : Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention * * *."

tory good time allowance [3] he would have been entitled to his release on August 4th, 1943. Petitioner is represented by counsel of his selection. The cause is submitted on an agreed statement of facts and briefs of counsel. Petitioner's brief was filed December 27, 1943.

The question presented is whether the Warden may pursuant to Bulletin No. 193 heretofore quoted in the margin, validly forfeit petitioner's "good time" allowance for misbehavior occurring prior to his delivery to the penitentiary. That question must be answered in the affirmative. Prior to his escape petitioner was placed in the East Cambridge jail to await transportation to a federal penitentiary. The service of his sentence began at that time. 18 U.S.C.A. § 709a, supra. Moss v. United States, 4 Cir., 72 F.2d 30. From the date of the commencement of the serving of his sentence he was in the custody of representatives of the penal authorities. If at any time during the service of the sentence he failed to faithfully observe all rules or was subjected to punishment his "good time" allowance could be forfeited. Ebeling v. Biddle, Warden, 8 Cir., 291 F. 567. Concededly, his escape was a violation of the "rules". For that violation his "good time" was forfeited. The exercise of this and other discretionary powers duly delegated to the penal authorities are not proper subjects for judicial interference. The writ is discharged. The cause dismissed.

---

[3] 18 U.S.C.A. § 710.

"Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, * * * whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated * * *" as set out in the statute.