**PAGLIARO v. COX, Warden.**

No. 12833.

Circuit Court of Appeals, Eighth Circuit.

July 27, 1944.

Submitted on brief of appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from an order discharging the writ and dismissing an action of habeas corpus by appellant for release from the custody of the Warden of the Medical Center for Federal Prisoners.

The broad issue is whether appellant is entitled to allowance of certain "good time" which had been declared forfeited. With allowance of such good time, his sentence had expired when this petition was filed, otherwise his sentence is not yet fully served. That his conduct while in actual confinement could have entitled him to the time allowance is not disputed. The controversy has to do with a forfeiture of good time because of an escape en route to prison from the jail where he had been confined after sentence.

The facts are agreed and, so far as essential, are as follows: January 5, 1937, appellant received a sentence of seven years and was placed in the local jail to await transportation to the Lewisburg penitentiary. Twelve days later, a deputy marshal started with him to the penitentiary. Next day (January 18, 1937) and while en route, he escaped and was not rearrested until June 24, 1938, in New York

City. While under arrest in New York City, he was indicted for an offense committed in 1936 and sentenced to three years and placed on probation—probation to begin at the end of the above seven year sentence. There was no prosecution for the escape. In December, 1938, and while he was yet in New York City, the place of incarceration under the seven year sentence was changed from Lewisburg to Leavenworth by the Attorney General. Appellant was delivered at Leavenworth on January 5, 1939. January 17, 1939, a hearing was held by the Warden there and all of appellant's good time was forfeited because of his escape on January 18, 1937.

Appellant has been given credit for the thirteen days he was in jail and for the time since his rearrest on June 24, 1938. With these credits and without good time allowance, his seven year term will expire June 8, 1945. With good time allowance, his term would have expired August 4, 1943. Appellant contends that this forfeiture of good time was "void and beyond the power of the prison officials." This contention is presented under two issues. The first is that there is no power in prison officials to forfeit the good time because this would constitute, in effect, double punishment, since section 753h of Title 18 U.S.C.A. makes an escape of a prisoner from custody after conviction a separate criminal offense. The second is that the Warden of the Leavenworth penitentiary had no power to forfeit for an escape taking place before appellant was committed to that penitentiary (this escape having occurred en route to the Lewisburg penitentiary to which he was at that time ordered committed).

■ The first issue must be determined against appellant. There is no double punishment. The two matters were entirely distinct and separate. The allowance of good time, until earned for the entire term (Estabrook v. King, 8 Cir., 119 F.2d 607, 609; Douglas v. King, 8 Cir., 110 F.2d 911, 913, 127 A.L.R. 1200; United States v. Nicholson, 4 Cir., 78 F.2d 468, 470, certiorari denied 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405), is a privilege which is conditioned expressly by the statute, sec. 710, Title 18 U.S.C.A., allowing it upon a record of conduct showing "that he has faithfully observed all the rules and has not been subjected to punishment." See Wipf v. King, 8 Cir., 131 F.2d 33, 34. The existence or the forfeiture of good time is in no sense dependent upon whether the misconduct also may be a criminal act. It would be a strange anomaly if a mere infraction of prison rules would be a basis for forfeiture while commission of a serious crime while in custody and in respect to such custody could not be. This would lead to an absurd result. United States v. Anderson, 8 Cir., 76 F.2d 375, 378.

This escape is squarely within a then existing rule governing prisoners promulgated under the authority of sections 741 and 753a, Title 18 U.S.C.A., because he was then in the custody of the Attorney General. Section 753f, Title 18 U.S.C.A.; Calatas v. United States, 8 Cir., 80 F.2d 15, 18, certiorari denied 297 U.S. 711, 56 S.Ct. 574, 80 L.Ed. 998. The pertinent portion of that rule (Bulletin No. 193 of the Bureau of Prisons) is as follows:

"When a prisoner under sentence who escapes from a United States Marshal or his deputies en route to a Federal institution is apprehended and committed, the warden should make every effort to obtain from the Marshal from whom the prisoner escaped a complete statement of the facts concerning the same. The warden should then proceed in a similar manner as he would had the prisoner escaped from his institution. A record should be made of the amount of good time forfeited and the report filed with this Bureau."

While this exact issue has apparently not been determined, yet there are cases which deal with the situation of the effectiveness of an escape or attempted escape (while in custody of the Attorney-General) as a basis for forfeiture of good time. Aderhold v. Hudson, 5 Cir., 84 F.2d 559; Griffin v. Zerbst, 10 Cir., 83 F.2d 805; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; Gray v. Swope, D. C. Wash., 28 F.Supp. 822. In the Aderhold and Gray cases, the prisoner had also been convicted for the escape, yet the good time forfeiture was upheld.

■ Also, the second issue must be determined against appellant. The fact situation is that the original designation by the Attorney General was for confinement in the Lewisburg penitentiary. En route to that prison, this escape occurred. While appellant was yet in New York City, after his apprehension, that designation was changed to Leavenworth. The contention is that, if any warden could forfeit this good time, it was only the warden at Lewisburg because that was the prison to which he was designated at the time of es-

cape. This contention merits scant notice. At the time of escape, appellant was in the custody of the Attorney General but not in any prison. The Attorney General had authority to change that designation, sections 698 and 753f, Title 18 U.S.C.A., and did so. The first penitentiary imprisonment was Leavenworth. The warden there came directly within Bulletin No. 193 and acted with full authority.

As bearing on this case, see Taylor v. Squier, Warden, 9 Cir., 142 F.2d 737.

The judgment should be and is affirmed.