**GRANT v. HUNTER.**
No. 3579.

Circuit Court of Appeals, Tenth Circuit.
March 5, 1948.

James B. Radetsky, of Denver, Colo., for appellant.

Eugene W. Davis, of Topeka, Kan., Asst. U. S. Atty., for appellee.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner, Cliff Grant, has appealed from an order of the United States District Court for the District of Kansas discharging a writ of habeas corpus.

On September 13, 1935, petitioner was sentenced by the United States District Court for the District of New Mexico to a term of two years for violation of 18 U.S.C.A. § 88, and to a term of five years for violation of 18 U.S.C.A. § 347. The two sentences were made to run consecutively. He was committed to the United States Penitentiary at Leavenworth, Kansas. With the allowance for good time, he was conditionally released on April 8, 1940. On June 11, 1940, he committed an offense against federal law for which he was convicted by the United States District Court for the Western District of Michigan, and was sentenced to a term of seven years. After the allowance for statutory good time under this sentence, he was discharged on September 24, 1945. On that day, he was recommitted to serve the good time allowed under the previous two-year and five-year sentences.

Pursuant to 18 U.S.C.A. § 710, petitioner was allowed 887 days of good time deduction from the two-year and five-year sentences imposed by the District Court sentencing him in those cases. This good time was computed on the basis of the aggregate of the two sentences.

Petitioner maintains that 225 days of the total accumulated good time of 887 days were allowed on the two-year sentence and the balance on the five-year sentence. His argument is that the two sentences were separate and distinct from each other and that, therefore, when he began serving

the five-year sentence, the 225 days of the total accumulated good time had fully completed the two-year sentence and that when thereafter he was recommitted, he could be compelled to serve only what remained of the five-year sentence.

There is no merit to this contention. Aside from the statutory provision to that effect, defendant is entitled to no good time deduction. In the absence of such a statute, a prisoner would be compelled to serve the full period of the sentence. We must, therefore, look to the statute to ascertain the amount of good time deduction to which a prisoner is entitled, as well as to to the method and manner in which good time is computed and applied. 18 U.S.C.A. § 710 provides for the allowance of good time. Among other things, it provides for the method of computing and allowing good time where one is serving two or more sentences. That portion of the statute dealing with this question is as follows: "When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated."

It is well settled that the imprisonment of one serving consecutive sentences is considered a single term, consisting of the aggregate of such sentences for the purpose of computing good time allowance.[1] Under this construction of the statute, the credit for good time for good conduct does not accrue until such credit has been completely earned.[2] Any good time deduction is contingent upon good conduct for the entire period of imprisonment until its allowance will end imprisonment.[3] It follows, therefore, that all possible deduction for good time accredited to a prisoner serving consecutive sentences is destroyed by bad conduct even though such conduct occurs after one or more of the successive sentences has been served.[4]

Petitioner remained a ward of the court when he was conditionally released, and when he breached the terms of his conditional release, he was subject to return to the penitentiary to serve the full remaining portion of the term of his sentence without credit for the allowance of any good time.

Affirmed.

---

[1] Ebeling v. Biddle, 10 Cir., 291 F. 567; Mills v. Aderhold, 10 Cir., 110 F. 2d 765; Eori v. Aderhold, 5 Cir., 53 F. 2d 840; United States v. Greenhaus, 2 Cir., 89 F.2d 634; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; Pagliaro v. Cox, 8 Cir., 143 F.2d 900.

[2] Ebeling v. Biddle, 10 Cir., 291 F. 567; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; Pagliaro v. Cox, 8 Cir., 143 F.2d 900; Morgan v. Aderhold, 5 Cir., 73 F. 2d 171.

[3] Ebeling v. Biddle, 10 Cir., 291 F. 567; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; Aderhold v. Hudson, 5 Cir., 84 F.2d 559; Aderhold v. Perry, 5 Cir., 59 F.2d 379; United States v. Nicholson, 4 Cir., 78 F. 2d 468.

[4] Gray v. Swope, D.C., 28 F.Supp. 822; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; Aderhold v. Hudson, 5 Cir., 84 F.2d 559; Aderhold v. Perry, 5 Cir., 59 F.2d 379; Ebeling v. Biddle, 10 Cir., 291 F. 567.