**UNITED STATES ex rel. JOHNSON v. O'DONOVAN.**

No. 9857.

United States Court of Appeals
Seventh Circuit.

Dec. 15, 1949.

Alfred E. Roth, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Petitioner, on March 19, 1942, began serving a two-year sentence imposed by the U. S. District Court. On April 28, 1943, while still in custody under that sentence, he was again brought before the same court, found guilty on another charge, and sentenced to a term of five years imprisonment, the second sentence to commence upon termination of the first. After having served almost five years, petitioner was conditionally released from custody on February 17, 1947. Subsequently, on November 22, 1948, the Board of Parole issued a parole warrant charging him with violation of the terms of his conditional release and he was taken into custody by respondent acting under that warrant.

His petition for a writ of habeas corpus then filed alleged that, under the applicable statute, 18 U.S.C.A. § 710 [now § 4161], he had earned 144 days "good time" on his first sentence; that, but for the imposition of the second sentence, this "good time" deduction would have made him eligible for release on October 24, 1943; that, consequently, his second sentence began to run on that date and expired five years later, on October 24, 1948, some 10 days prior to the issuance of the parole warrant, and that the parole warrant, having been issued after expiration of his sentence, was void and his detention thereunder without authority in law.

The District Court issued a writ of habeas corpus returnable November 23, 1948; respondent filed a motion to quash the writ and dismiss the petition, alleging that petitioner had erroneously computed his "good time" allowance on the basis of the two-year sentence, whereas it should have been computed on the aggregate of the two-year and five-year sentences; that petitioner, although released for good conduct, had continued on parole for the full term of the two consecutive sentences—i. e., until March 18, 1949, and, consequently, that the warrant, which had been issued well before that date, was valid and petitioner's detention thereunder lawful and proper. The District Court, on December 14, 1948, granted respondent's motion and, accordingly, entered an order quashing the writ and dismissing the petition. From that order, this appeal was taken.

Petitioner's entire case rests on his assumption that his five-year sentence began

to run, not at the end of the two years to which he was originally sentenced, but at the end of two years less the 144 days "good time" he claims he had earned, and that, consequently, it had expired at the time the parole warrant was issued. Respondent admits that a parole warrant issued after the expiration of the maximum term to which the petitioner has been sentenced would be without authority in law, but contends that, under the applicable statutes, 18 U.S.C.A. §§ 710 and 716 [now §§ 4161, 4203, 4204], petitioner's "good time" deductions were computable on the same basis as if he had been serving one seven-year sentence, and that, regardless of when he was released, he continued on parole, subject, at all times, to the jurisdiction of the parole board, until the expiration of that seven-year period.

The statutory provisions upon which the determination of this controversy rests are Sections 710 and 716, Title 18, U.S.C.A. Section 710, which prescribes the method of computing "good time" deductions, reads as follows:

"Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail * * * for a definite term, other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows, commencing on the first day of his arrival at the penitentiary, prison, or jail: Upon a sentence of * * * more than one year and less than three years, six days for each month; upon a sentence of not less than three years and less than five years, seven days for each month; upon a sentence of not less than five years and less than ten years, eight days for each month; upon a sentence of ten years or more, ten days for each month. When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated."

Section 716b [now § 4164] provides that:

"Any prisoner who shall have served the term or terms for which he shall after June 29, 1932, be sentenced, less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence *. * *."

These two sections, considered together, reflect, we think, an intent on the part of Congress that, where a prisoner is serving two consecutive sentences, deductions for "good time" are to be computed not on the basis of, first, one sentence and, then, the other, but as if the prisoner were serving only one sentence, equal in length to the aggregate of both, and that, regardless of when the prisoner is conditionally released, he continues on parole and, thus, remains subject to the jurisdiction of the parole board until the expiration of the aggregate of the two terms, without any deductions for good conduct. Bickel v. Hiatt, D.C., 66 F.Supp. 748, 750–751; Grant v. Hunter, 10 Cir., 166 F.2d 673, 674; Ebeling v. Biddle, 8 Cir., 291 F. 567, 568; Aderhold v. Perry, 5 Cir., 59 F.2d 379, 380.

Petitioner insists that the cases cited are not pertinent because none of them involved a factual situation quite like that in this case, where the second sentence was imposed after the prisoner had served considerably more than one-half the first one. But the language of Section 710 is all-inclusive, and petitioner has cited no authority indicating that it was not intended to govern such a case as his. Applying the plain language of that section and Section 716b to the instant case, it seems clear to us that petitioner's deductions for good conduct were properly computed on the basis of a single seven-year sentence and that, after petitioner was conditionally released, he remained on parole for the balance of that seven-year period. The result is that his arrest upon a parole warrant issued within that period was lawful and proper.

Practical consideration of the problems involved serves to strengthen the conclu-

sion that this interpretation of the statute is correct. Since "good time" does not accrue monthly but is contingent upon good conduct for the entire period of imprisonment, Grant v. Hunter, 10 Cir., 166 F.2d 673, 674, its application will not be complicated by the fact that part of one sentence has been served before a second is imposed. Then, too, this construction tends to produce the uniformity sought by the Congress, whereas the rule urged by petitioner would effectively frustrate the legislative intent in that respect. Thus, if the view urged by petitioner were adopted, X, serving consecutive five-year sentences, would be kept in prison 8 months longer than Y, serving a ten-year sentence, but X's parole period would come to an end 16 months earlier than that of Y. Finally, petitioner's interpretation would have the effect, apparent from the illustration just given, of lengthening the period of imprisonment of prisoners serving consecutive sentences, a result which is hardly consistent with the promotion of good behavior by rewarding it with an early discharge, the obvious purpose of the statute.

The judgment is affirmed.