### HIATT, Warden, v. HILLIARD.
#### No. 12891.

United States Court of Appeals
Fifth Circuit.
Feb. 27, 1950.

454

A. E. Gottshall, Criminal Division, Dept. of Justice, Washington, D. C., J. Ellis Mundy, U. S. Attorney, Atlanta, Ga., Harvey H. Tisinger, Asst. U. S. Attorney, Atlanta, Ga., for appellant.

Hughes R. Hilliard, Athens, Ga., in pro. per.

Before HUTCHESON, Chief Judge, and WALLER and BORAH, Circuit Judges.

PER CURIAM.

Entered May 23, 1949, on the undisputed facts [1] established on the hearing of his petition for habeas corpus, the order appealed from discharged appellee from custody on the grounds fully discussed in the court's unreported opinion.

This ground was that Secs. 4161 and 4165, Title 18 U.S.C.A.,[2] effective Sept. 1,

1. Sentenced to imprisonment for a term of 10 years, appellee, on Oct. 29, 1941, began service of sentence. At the ten days per month rate of commutation for good conduct authorized by Sec. 710, Title 18 U.S.C.A., the ten-year sentence could be shortened by 1200 days. Pursuant to procedure then followed this credit was set up. If earned by uninterrupted good behavior it would have entitled Hilliard to release on July 15, 1948.

While serving this sentence in Atlanta Penitentiary Hilliard was reported for misconduct with the result that 730 days of the 1200 day credit was forfeited on Feb. 8, 1943. Service of this forfeiture began on July 15, 1948, when, barring the forfeiture, he would have become eligible for discharge. Service thereof would have been completed on July 11, 1950.

On Sept. 1, 1948, Title 18 U.S.C.A., as amended, went into effect. Sec. 4161 thereof made a significant change from the language of its predecessor (710, Title 18). Without changing the graduated scale of allowances for good conduct, it directs that such allowances are "to be credited as earned and computed monthly." The companion statute Sec. 4165, Title 18 (based on former Section 713), provides that for misconduct during service of sentence "all or any part of his earned good time may be forfeited." This legislation is in contradiction to the former practice whereby the entire earnable allowance was credited when service of sentence began and forfeiture of the whole or any part thereof (for misconduct) made at any time.

Based upon the amended statute the Bureau of Prisons, Department of Justice, issued regulations to govern computation of sentences and the crediting and forfeiture of good conduct time. These are contained in Manual Bulletin No. 259, dated Oct. 6, 1948, and Manual Bulletin No. 264, dated Nov. 15, 1948. These regulations, among other things, prescribe that allowances for good conduct should be rateably allocated to the period of actual imprisonment and, further, called for recomputation of sentence in all cases where the forfeiture previously made exceeded the good time which could have been earned up to Sept. 1, 1948. In applying these regulations to Hilliard's situation Warden Hiatt ascertained that the ten year sentence required no recomputation because the 730 days forfeited in 1943 were not in excess of the good time earned up to Sept. 1, 1948. Before the forfeiture, with 1200 days good time earnable, Hilliard's release date was July 15, 1948. From and after the latter date he was serving the forfeited time.

On or about April 8, 1949, the appellee herein filed a petition for a writ of habeas corpus alleging that more good time had been taken from him in Feb., 1943, than was then earned, and that giving effect in his case to Secs. 4161 and 4165, limiting credit and deduction of good time to time earned, he was eligible for, but would not be given, release on April 15, 1949.

2. Sec. 4161, Title 18 (in part).

"Each prisoner * * * whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence * * * *to be credited as earned and computed monthly*", etc. (Emphasized part new.)

Note—Sec. 4161 continues the graduated scale of allowances of its predecessor, Sec. 710.

1948, were intended to have, and should be given retroactive effect, and that petitioner was, therefore, entitled to a conditional release.

Appealing from that order, the warden is here insisting that, in so holding, the court erred, and the order may not stand.

■ We agree. Prior to the repeal of the former "good time" sections, Nos. 710, 711 and 713[3] of Title 18, the practice followed in petitioner's case was uniformly followed under the equally uniform judicial construction of those sections.[4]

Unless, then, the new sections 4161, crediting good time monthly as earned, 4165, limiting forfeiture to earned good time, and 4166, providing for restoration of time forfeited, operate retroactively, the judgment was wrong and must be reversed.

■ That they do not so operate, we think is clear. Whether a statute operates retroactively or prospectively is one of legislative intent. In gathering this intent, certain settled rules of statutory construction apply. Some of these are: that a statute should not be given retroactive effect where another construction is fairly permissible; "that all statutes are to be considered prospective, unless the language is express to the contrary, or there is a necessary implication to that effect." Fullerton-Krueger Lumber Co. v. Northern Pac. Ry. Co., 266 U.S. 435, 45 S.Ct. 143, 144, 69 L.Ed. 367,

and cases cited; that in considering statutes, "The initial admonition is that laws are not to be considered as applying to cases which arose before their passage unless that intention be clearly declared." Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 392, 66 L.Ed. 747; 26 A.L.R. 1454;[5] that "Retroactivity, even where permissible, is not favored, except upon the clearest mandate." Claridge Apts. Co. v. C. I. R., 323 U.S. 141, at page 164, 65 S.Ct. 172, at page 185, 89 L.Ed. 139.

A further and specific reason against giving the new section retroactive effect is to be found in the general savings statute, Title 1 U.S.C.A. § 109, which provides that no penalty, forfeiture, or liability incurred under a repealed statute, shall be affected by the repeal, "unless the repealing Act shall so expressly provide".

Here, as is pointed out in note 3, supra, the repealing act, Sec. 21 of the Act of June 25, 1948, in this instance not only did not so expressly provide, but expressly provided that "any rights or liabilities now existing * * * shall not be affected by this repeal".[6]

The petition for habeas corpus should have been denied. Petitioner should not have been released from, but remanded to, custody. The order appealed from is reversed with directions to remand petitioner to the warden's custody and to dismiss his petition.

Sec. 4165, Title 18.
"If during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited."
Note—The Revisers Notes, Title 18, p. 2654, state that section 4165 is based on former section 713, Title 18. We quote:
"Section was rewritten. The words 'or violates the rules of the institution' and 'all or any part of his earned good time' are new and are inserted in lieu of the mandatory requirement for forfeiture of good time upon conviction for an offense committed during imprisonment. The section as revised is more flexible and will promote better administration without working any undesirable change of substance."

3. Sec. 21 of the Act of June 25, 1948, 62 Stat. 862 which repealed these sections further provided:

"Any rights or liabilities now existing under such sections or parts thereof shall not be affected by this repeal."

4. Ebeling v. Biddle, 8 Cir., 291 F. 567; Aderhold v. Perry, 5 Cir., 59 F.2d 379; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; Grant v. Hunter, 10 Cir., 166 F.2d 673; Morgan v. Aderhold, 5 Cir., 73 F.2d 171; Aderhold v. Hudson, 5 Cir., 84 F.2d 559; U. S. ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468.

5. U. S. v. St. Louis, S. F. & T. R. Co., 270 U.S. 1, 46 S.Ct. 182, 70 LEd. 435; Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115; 74 L.Ed. 457; N. L. R. B. v. Itasca Cotton Mfg. Co., 5 Cir., 179 F.2d 504; U. S. v. Union Planters Nat. Bank & Trust Co., 5 Cir., 175 F.2d 684.

6. Cf. Lovely v. U. S., 4 Cir., 175 F.2d 312; U. S. v. Kirby, 2 Cir., 176 F.2d 101.