SHOPE v. SWOPE.
No. 33605.

United States District Court
N. D. California, S. D.

June 18, 1954.

---

earned. Carroll v. Zerbst, 10 Cir., 1935, 76 F.2d 961; Grant v. Hunter, 10 Cir., 1948, 166 F.2d 673; Pagliaro v. Cox, 8 Cir., 1944, 143 F.2d 900. It is well settled that "all possible deduction for good time accredited to a prisoner serving consecutive sentences is destroyed by bad conduct even though such conduct occurs after one or more of the successive sentences has been served." Grant v. Hunter, supra [166 F.2d 674]. See also Morgan v. Aderhold, 5 Cir., 1934, 73 F.2d 171.

William M. Shope, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for respondent.

HAMLIN, District Judge.

Petitioner seeks habeas corpus for release from Alcatraz on the grounds that his term, minus good time allowances, has been served. He was sentenced to six years on December 16, 1946, the term to commence running on that date. He was sentenced to two years and six months for another offense on June 9, 1950, the sentence to commence running at the expiration of the previous sentence. Good time allowances were based on a term of eight years and six months, per 18 U.S.C. § 4161. After the expiration of the first sentence a portion of his good time allowance and certain industrial credits were forfeited. Petitioner's contention is that good time allowances earned during his first sentence could not be forfeited after the expiration of that term.

The Court has considered the petitioner's traverse to the return to the order to show cause and his brief of points and authorities (which were filed late through no fault of the petitioner).

 It is the judgment of the Court that the writ be discharged. Good time allowances are based on the aggregate of the several sentences to be served. 18 U.S.C. § 4161. The credit for good time conduct does not accrue until such credit has been completely