Therefore, the judgment to be entered will provide for such further hearing, rulings and final order.

See also D.C., 174 F.Supp. 919.

Ernest B. LOPEZ, Petitioner,

v.

Paul J. MADIGAN, Warden, United States Penitentiary, Alcatraz, California, Respondent.

No. 38381.

United States District Court
N. D. California, S. D.

July 23, 1959.

GOODMAN, Chief Judge.

Petitioner who is confined at the United States Penitentiary at Alcatraz seeks his release on the ground that he has completed the term of imprisonment to which he was sentenced.

On July 30, 1943, petitioner was sentenced by the United States District Court for the Southern District of California to imprisonment for a term of seven years. On June 15, 1945, he was sentenced by the United States District Court for the Western District of Washington to a term of three years for violation of 18 U.S.C. § 751, unlawful escape, and to a consecutive term of seven years for assault, both sentences to be consecutive to the seven year sentence he was then serving.

On January 28, 1955, petitioner was conditionally released. On July 24, 1956, his conditional release was revoked and he was returned to custody. He now claims that since his reconfinement he has served the entire portion of his sentence which remained at the time he was conditionally released, and hence is entitled to be discharged.

Petitioner has erred in computing the length of the portion of his sentence remaining to be served at the time he was conditionally released. His error stems from his unwarranted assumption that he was entitled to credit good-time allowances to reduce his first seven-year sentence. Upon this assumption, petitioner has calculated that his first seven-year sentence expired on March 5, 1949, the date that it would have expired had it in fact been reduced by the number of days of good-time which he had then earned.

■■ However, good-time allowances remain contingent until the day arrives when sufficient good-time has accumulated to entitle a prisoner to release from confinement. Aderhold v. Perry, 5 Cir., 1932, 59 F.2d 379; United States ex rel. Johnson v. O'Donovan, 7 Cir., 1949, 178 F.2d 810. Even then, good-time allowances only operate to effect a prisoner's release under supervision and do not terminate his sentence. In other words, good-time allowances do not reduce a sentence but only enable a prisoner to serve the latter part of his sentence outside prison walls.

■ Because of petitioner's successive sentences, his good-time allowances could not be applied to effect his conditional release prior to the time that his first seven-year sentence expired. Thus that sentence expired on July 30, 1950, seven years after it commenced. The three-year sentence for escape which followed expired on July 30, 1953. Petitioner then commenced service of his final seven-year sentence. When he was conditionally released on January 28, 1955, all the good-time which he had earned throughout his entire confinement was properly applied to enable him to serve the latter part of his second seven-year sentence outside prison. Upon revocation of his conditional release and forfeiture of his good-time allowances, he became subject to imprisonment for the period remaining on the seven-year sentence at the time he was conditionally released. Such period has not elapsed since petitioner's reconfinement. He is therefore not entitled to his discharge.

■ It is unnecessary to consider petitioner's contention that his first seven-year sentence and the subsequent three-year sentence for escape and seven-year sentence for assault were improperly aggregated in determining the amount of good-time to which he was entitled at the time he was conditionally released. If such aggregation was improper, its only result was that petitioner was conditionally released prior to the time that he should have been. It is of no present consequence, since petitioner has now been returned to custody and all his good time has been forfeited.

Petitioner's application for a writ of habeas corpus must be and is hereby denied.