**334**

Ronald Eugene REWIS, Petitioner,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.

No. 72–286–Civ. J–M.

United States District Court,
M. D. Florida,
Jacksonville Division.

Feb. 2, 1973.

Brent M. Turbow, Jacksonville, Fla., for petitioner.

Robert L. Shevin, Atty. Gen., Daniel S. Dearing, Chief Trial Counsel, Dept. of Legal Affairs, Tallahassee, Fla., for respondent.

## OPINION AND ORDER

CLARY, Senior District Judge, sitting by special assignment.

The case is properly before the Court on a petition for writ of habeas corpus. An evidentiary hearing was held on January 16, 1973 in order to determine if the State's refusal to allow petitioner gain time was proper. Briefs were to be filed by January 23, 1973. Petitioner filed his brief; but respondent failed to do so, evidently being of the opinion that adjudication of claims of state prisoners does not require a prompt and thorough determination by the Attorney General's Office.

On September 30, 1966, petitioner was sentenced by the Circuit Court of Hendry County to five years imprisonment for aggravated assault. On April 9, 1967, while serving the above sentence, petitioner escaped from a road camp, and was free two months and eleven days before being recaptured. This resulted in petitioner losing 30 days gain time. On May 17, 1968, petitioner was sentenced by the Circuit Court of Seminole County to five years imprisonment for the escape. This sentence was to run consecutively to the original sentence being served. Then, on November 27, 1968, while still serving the sentence imposed on September 30, 1966, petitioner was found guilty by a prison disciplinary committee of assaulting a fellow prisoner. The inmate assaulted had named the three persons involved in the attack, none of whom were

the petitioner. The petitioner was later "fingered" by one of the three prisoners named by the victim, forced to take a polygraph test against his will and brought before the disciplinary committee. After entering a plea of not guilty, petitioner was found guilty by the disciplinary committee based solely on the polygraph test. As punishment, petitioner was placed in solitary confinement for approximately 65 days, held in maximum security for eight months and forfeited all earned gain time and all future gain time which he could have earned on a five year sentence. In this instance it was 510 days. Finally, on November 12, 1970, the Circuit Court of Hendry County vacated the sentence of September 30, 1966 under which petitioner was originally incarcerated. Hence his original incarceration was illegal.

Since that time the State has refused to concede petitioner any gain time because the State has taken the position that the results of the November 27, 1968 hearing can be figured against the Seminole County escape sentence. Petitioner's tentative expiration date is presently set for April 16, 1973.

Without commenting on whether or not the December 27, 1968 hearing passed constitutional muster (which it most assuredly did not), it is the determination of the Court that when the sentence of September 30, 1966 was vacated, the results of the hearing on November 27, 1968 were also void.

 Generally, forfeiture or restoration of a prisoner's "good time" allowance, and exercise of other discretionary powers duly delegated to penal authorities, are not proper subjects for judicial review. *See* Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968); Pagliaro v. Cox, 54 F.Supp. 6 (W.D.Mo.), aff'd, 143 F.2d 900 (8 Cir. 1944). Nevertheless, where the decision of prison authorities is shown to be arbitrary and capricious, interference by the courts is proper. *See* Theriault v. Blackwell, 437 F.2d 76 (5th Cir. 1971); Smoake v. Willingham, 359 F.2d 386 (10th Cir. 1966). Here the decision of the disciplinary

board on December 27, 1968 was geared to the original September 30, 1966 sentence. When the sentence was vacated, the decision of the disciplinary board was also void, therefore, any continued withholding of petitioner's gain time by prison authorities amounts to an abuse of discretion. This is particularly true in light of the fact that petitioner has already served six and one-half years for a five year sentence and that no disciplinary reports against the petitioner have been handed down after the imposition of the escape sentence. Petitioner, as a result of the finding of this Court, is entitled to be freed immediately from further incarceration and it is so ordered.