## McKINNEY v. CLEMMER et al.
### Misc. No. 654.

United States District Court
E. D. Virginia, Alexandria Division.

May 18, 1949.

Robert H. McKinney, pro se.

George R. Humrickhouse, United States Attorney for the Eastern District of Virginia, Richmond, Va., for respondents.

BRYAN, District Judge.

This petition for a writ of habeas corpus, to discharge Robert H. McKinney from imprisonment in the District of Columbia Reformatory, at Lorton, Virginia, presents a question of the computation of good conduct time of a prisoner whose term commenced before, and terminates after, September 1, 1948, which is the effective date of the revision of the pertinent section (now 4161) of Title 18, United States Code.

The facts are these. The petitioner was convicted and sentenced in the United States District Court for the District of Columbia to serve from 2 to 6 years, and his term began March 31, 1944; he escaped July 20, 1944; and for escaping, the entire good conduct time earnable by him and amounting to 576 days, was forfeited. This Court sentenced him to 6 months for the latter offense, the term to start at the expiration of the first.

The petitioner contends that at the time of his escape he had only earned 24 days good time, computed at the rate of 8 days per month for the months of April, May and June, 1944, the 3 months between the commencement of his sentence and his escape. 18 U.S.C.A. § 710, before revision. He says that the entire good conduct time earnable under the first sentence could not have been lost by his misconduct, because the good time should not have been credited to him except monthly as earned, and that the respondent-custodians acted illegally in crediting the entire earnable good conduct time to him as of the date of his entry, and in consequence have illegally forfeited his entire good time. Following petitioner's manner of computation, his first sentence would have expired August 30, 1948, and with the addition of the 6 months sen-

tence for escape, he would have been entitled to release on March 27, 1949.

■ As the law stood prior to September 1, 1948, the petitioner's position is without foundation. Carroll v. Zerbst, 10 Cir., 76 F.2d 961, 962. The courts have unanimously approved the administrative interpretation of the relevant statutes, 18 U.S.C.A. §§ 710, 713 [now §§ 4161, 4163, 4165], that immediately upon commencement of his term the prisoner is to be credited with the entire possible good conduct time deduction, and that upon his commission and conviction of an offense during his term, he forfeits all of the credit. Carroll v. Zerbst, supra. The whole of the good conduct time, it is said, is credited conditionally and in advance, subject to be withdrawn for misconduct. United States v. Nicholson, 4 Cir., 78 F.2d 468, 470, certiorari denied 296 U.S. 573, '56 S.Ct. 118, 80 L.Ed. 405; Aderhold v. Perry, 5 Cir., 59 F.2d 379.

■■ But do the new terms of the revised Title 18 U.S.Code, as contained in section 4161 and directing that the good conduct time "be credited as earned and computed monthly", rescind to any extent a forfeiture declared pursuant to the prior practice against a prisoner whose sentence began before September 1, 1948, ends afterwards, and whose entire good time was "annulled" before September 1? In our opinion the amendment is prospective only, and the prior forfeiture of the inmate's entire time is not modified by the revision of the statute. Our view is that the misconduct previous to September 1 forfeited all good conduct time possibly earnable on the sentence to and including August 31, 1948, subject only to the right of the Attorney General to restore all or any part of it, as authorized by section 711 of the old, and section 4166 of the new, Title 18.

The revisors state the purpose of the change was "to credit good time only after it is earned, and to reverse an administrative practice which heretofore has credited to the inmate upon his entry into an institution all the good time which would be earned throughout his entire sentence." They reiterate that under the previous law by misconduct the prisoner lost "both earned and unearned good time". They thought that the amendment would create an incentive to good behavior. The revision was recommended by the Bureau of Prisons. However, nothing in the statute as revised evinces a purpose to apply the new rule so as to lift a past forfeiture of good time. In this connection it is to be noted that section 21 of the Act of June 25, 1948, Chapter 645—Public Law 772 (which enacts the new Title 18) while repealing enumerated parts of the Revised Statutes or Statutes at Large, expressly provides: "Any rights or liabilities now existing * * * shall not be affected by this repeal."

■ The Bureau of Prisons has now put into effect an administrative formula for crediting and forfeiting good time under the new statute. This formula gives the inmate in custody on September 1, 1948 good conduct time for every month thereafter; modifying any previous forfeiture by restoring to him such of his forfeited good time as was earnable after September 1, 1948. By this method the petitioner has been credited with 3 days, but this practice seems to be an act of grace, and not of right, to the inmate, apparently an exercise by the Attorney General of his power under section 4166 supra.

The Court is of the opinion that the past and present administrative practice of the Bureau of Prisons has been and is strictly in accordance with the prevalent statutes.

As the petition states no other ground for the issuance of the writ and the release of the petitioner, it appears to the Court from his application that he is not entitled to the writ and his petition should be denied and dismissed. Title 28, United States Code, section 2243.