## LESSER v. HUMPHREY.
### No. 244.

United States District Court
M. D. Pennsylvania.
March 17, 1950.

Arthur A. Maguire, United States Attorney, Scranton, Pa., Charles W. Kalp, Assistant United States Attorney, Lewisburg, Pa., for respondent.

FOLLMER, District Judge.

Petitioner, Charles Lesser, was sentenced on November 26, 1948, to a term of eighteen months. He alleges that while at the Federal Correctional Institution at Danbury, Connecticut, he was charged with a violation of prison rules, given a hearing before a Good Time Board and notified that seventy days of his earned good time had been revoked. He contends, inter alia, as follows: (1) that the revocation of his good time violated due process in that there was no compliance with the Administrative Procedure Act;[1] (2) that the prison authorities had no basis for such revocation; (3) that the violation date was about July 25, 1949, and that the maximum earned good time which could be deducted was forty-eight days, whereas he lost seventy days.

The service of this sentence began after September 1, 1948, and is under the terms of the revised Title 18 U.S.C.A. §§ 4161–4166 which requires that good conduct time "be credited as earned and computed monthly" instead of the prior practice of crediting "to the inmate upon his entry into an institution all the good time which would be earned throughout his entire sentence."[2] If any deduction was justified, his earliest eligible good time release date would be April 7, 1950, even assuming the correctness (which is not here decided) of his contention that the violation date was about July 25, 1949, and the writ as to the latter, as well as other issues raised by him, would be premature.[3]

Petitioner stresses the recent opinion of the Supreme Court in Wong Yang Sung v. McGrath, 70 S.Ct. 445, 453, as requiring that the Administrative Procedure Act of June 11, 1946,[4] be followed in

King & Tumminelli, Brooklyn, N. Y., Merrill W. Linn, Lewisburg, Pa., for petitioner.

1. 5 U.S.C.A. § 1001 et seq.
2. McKinney v. Clemmer et al., D.C.E.D. Va., 84 F.Supp. 798, 799.
3. Benjamin v. Hunter, 10 Cir., 176 F.2d 269, 272; Gibson v. United States, 6 Cir., 161 F.2d 973; In re Rowland, D. C.W.D.Ark., 85 F.Supp. 550; O'Malley v. Hiatt, D.C.M.D.Pa., 74 F.Supp. 44, 53.
4. 5 U.S.C.A § 1001 et seq.

forfeiting any earned good time. The opinion does not so hold. The Supreme Court pointed out that "The Administrative Procedure Act, § 5, establishes a number of formal requirements to be applicable 'in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing.'", but that the Act exempts from that section's application "those hearings which administrative agencies may hold by regulation, rule, custom, or special dispensation; * * *." Good time allowance is, in the first instance, in the nature of a privilege bestowed by the legislature, which, when it is earned, becomes a matter of right,[5] and when a prisoner has complied with the good conduct statute, it is mandatory upon the Warden of the penitentiary to reduce the sentence in the manner prescribed,[6] but until the time has arrived when he is entitled to release, it is a privilege which is conditionally expressed by the statute.[7] It, or any portion thereof, may be lost by an infraction of the prison rules. This was true under the former Act[8] and, except as to the change in what constitutes "earned good time", is continued in the present Act[9] Absence of good behavior and subjection to punishment forfeits the credits.[10] The good time allowance statute[11] requires no agency hearing.

 The mere fact that the prison authorities, as a matter of grace, have provided a "Good Time Board" does not alter the situation. The Administrative Procedure Act does not apply.[12] The prison system is under the administration of the Attorney General and not the District Courts. The Court has no power to interfere with the conduct of the prison or its discipline. It may discharge upon habeas corpus only where the petitioner is illegally detained,[13] and will not interfere in a matter of this kind unless the prison authorities acted arbitrarily, capriciously or fraudulently.[14] On the testimony of the petitioner himself I find as a fact that there was no such arbitrary, capricious or fraudulent action in the forfeiture of "earned good time."

There was, furthermore, no evidence that petitioner had exhausted his administrative remedies.[15]

The Petition for Writ of Habeas Corpus is accordingly denied and the Rule issued thereon is dismissed.

5. Carroll v. Squier, 9 Cir., 136 F.2d 571, certiorari denied 320 U.S. 793, 64 S.Ct. 202, 88 L.Ed. 478.

6. Bickel v. Hiatt, D.C.M.D.Pa., 66 F.Supp. 748.

7. Pagliaro v. Cox, 8 Cir., 143 F.2d 900; United States ex rel. Hurwitz v. Alexander, 2 Cir., 150 F.2d 1013, 1015, certiorari dismissed 327 U.S. 764, 66 S.Ct. 527, 90 L.Ed. 995; Grant v. Hunter, 10 Cir., 166 F.2d 673.

8. Pagliaro v. Cox, supra.

9. 18 U.S.C.A. § 4165.

10. Gray v. Swope, D.C.W.D.Wash., 28 F. Supp. 822; United States ex rel. Jacobs v. Barc, 6 Cir., 141 F.2d 480.

11. 18 U.S.C.A. §§ 4161–4166.

12. Hiatt v. Compagna, 5 Cir., 178 F.2d 42.

13. Powell v. Hunter, 10 Cir., 172 F.2d 330.

14. Powell v. Hunter, supra.

15. Griffin v. Zerbst, 10 Cir., 83 F.2d 805; United States ex rel. De Lucia v. O'Donovan, 7 Cir., 178 F.2d 876.