DAVID B. LENTZ ET AL., APPELLANTS, V. BETTY SAUNDERS ET AL., APPELLEES, GRAND ISLAND SCHOOL DISTRICT NO. 2 OF HALL COUNTY, NEBRASKA, A PUBLIC CORPORATION, INTERVENER-APPELLEE, SCHOOL DISTRICT NO. 82 OF HALL AND MERRICK COUNTIES, NEBRASKA, A PUBLIC CORPORATION, INTERVENER-APPELLANT.

255 N. W. 2d 853

Filed July 13, 1977. No. 41066.

Cunningham, Blackburn, VonSeggern & Livingston, for appellant.

Luebs, Tracy, Dowding, Beltzer & Leininger, for intervener-appellant.

John R. Higgins and Sam Grimminger, for appellees and intervener-appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This appeal arises from an order of the county superintendents of Hall and Merrick Counties dissolving School District No. 74 and attaching its territory to neighboring school districts, mostly Grand Island School District No. 2 of Hall County. The individual appellants are electors of the dissolved district. School District No. 82 of Hall and Merrick Counties which intervened in the District Court is also an appellant. The appellees are the county superintendents of schools of the two counties and Grand Island School District No. 2, the latter an intervener.

The principal issue which is determinative of this appeal is the construction of section 79-603, R. R. S. 1943, as amended by Laws 1973, L.B. 148, section 2.

Section 79-603, R. R. S. 1943, as amended by Laws 1973, L.B. 148, provides that the county superintendent shall dissolve and attach to a neighboring district or districts any Class I district which, for 2 consecutive years, contracts for the instruction of all its pupils with a Class II, III, IV, or V district. It provides that the dissolution shall be effected in the manner prescribed by section 79-420, R. R. S. 1943. Among the procedural requirements of section 79-420, R. R. S. 1943, are that dissolutions involving the transfer of territory across county lines shall be acted upon jointly by the county superintendents of the counties concerned.

It is not disputed that district No. 74 contracted for the instruction of all its pupils with a neighboring district for the school years 1973-74 and 1974-75. The order of dissolution was dated August 2, 1975, and was signed by the appellee Betty Saunders, who was county superintendent of Hall County at all times involved, and by Marvin Shreve, who was county superintendent of Merrick County at all times involved until August 1, 1975, as well as by Gerald J. Carnes,

who became county superintendent of schools of Merrick County on August 1, 1975.

The required public hearing on the proposed dissolution was held on July 14, 1975, and notice of hearing was given by publication prior to that time in accordance with the provisions of the statute.

The claims made on this appeal are that the dissolution proceedings are void because: (1) The instruction contract for the 1973-74 school year was signed before the 1973 amendment, at which time another statute, section 79-486, R. R. S. 1943, permitted school districts to contract for 5 years before dissolution and accordingly the amendment of section 79-603, R. R. S. 1943, in 1973 was an ex post facto law and also impaired the "vested" statutory rights of school district No. 74 to contract for 5 years. (2) The dissolution was not accomplished by the joint action of the county superintendents of the two counties as required by the statute. (3) School district No. 74 was in any event entitled to contract for 2 full years, and the order of dissolution was entered before the completion of the 1974-75 school year and was therefore premature and void. In this connection the appellants rely upon our holding in Nelson v. Robertson, 187 Neb. 192, 188 N. W. 2d 720. (4) The Legislature did not intend that section 79-603, R. R. S. 1943, operate retrospectively, thus contracts entered into prior to the 1973 amendment were not to be taken into account in determining whether the district has contracted for 2 years.

For the following reasons we affirm the action of the District Court which affirmed the order of dissolution by the county superintendents. First: Section 79-603, R. R. S. 1943, providing for a 2-year contract period before dissolution, is a specific statute pertaining to Class I districts. Section 79-486, R. R. S. 1943, providing for a 5-year period of contracting before dissolution, is a general statute pertaining to all districts. We here apply the principle that specific

statutory provisions, relating to a particular subject, control over general provisions. Duerfeldt v. State, 184 Neb. 242, 166 N. W. 2d 737. In upholding section 79-603, R. R. S. 1943, against an attack of unconstitutionality, we have earlier said that it is an independent act, complete in itself. Bodenstedt v. Rickers, 189 Neb. 407, 203 N. W. 2d 110.

Second: The findings and order of the county superintendents on their face appear to have been accomplished by the joint action of the two superintendents. The decision and order were apparently prepared prior to August 1, 1975, but signed on August 2, 1975. The order is signed by both of the superintendents who participated in the proceeding and made the decision. The fact that the signatures may have been affixed after the term of one of the superintendents expired is, under the circumstances of this case, immaterial as no person was prejudiced thereby. No contention is made that the electors did not have notice of the meeting, and the record indicates that they were either present or represented thereat. Although the record establishes that the county superintendent of Merrick County was not personally present at the public hearing, it also establishes that the detailed findings upon which the order of dissolution was based were the findings of both superintendents. We hold that the provisions of section 79-420, R. R. S. 1943, which require that dissolution of school districts involving transfer of territory across county lines shall be acted upon jointly by the county superintendents of the counties concerned, are substantially complied with where the order of dissolution is the order of both superintendents and based upon findings by both even though only one superintendent was present at the public hearing.

Third: Section 79-603, R. R. S. 1943, was first enacted in 1969. When enacted it prohibited Class I school districts from contracting for instruction of

all their pupils for more than 2 years. The 1973 amendment of the statute added the provision directing dissolution if such district did so contract for 2 years. Therefore, previous to the 1973 amendment a Class I district had no statutory right to contract except for the 2-year period. Accordingly, when the Legislature amended section 79-603, R. R. S. 1943, it took away no "rights," it simply attached an additional consequence (dissolution if a hardship exemption was not granted) to the exercise of the rights given by the statute. The amendment to section 79-603, R. R. S. 1943, became effective September 2, 1973. The 1973-74 instruction contract was presumably entered into previous to that date although the record is silent on the matter. In any event, the record does not establish that any contract was abrogated by legislative action. The Legislature could, if it wished, have attached the consequences of dissolution to past contracting for instruction. The control of the Legislature over school districts and their powers is plenary. Kosmicki v. Kowalski, 184 Neb. 639, 171 N. W. 2d 172; School Dist. of Gering v. Stannard, 193 Neb. 624, 228 N. W. 2d 600.

Fourth: Reliance of the appellants upon Nelson v. Robertson, *supra,* is misplaced. In that case the dissolution was under the provisions of section 79-486, R. R. S. 1943, and was held to be invalid because the dissolution was to be effective and the district dissolved during the fifth of the contracting years, that is, the school district was to be wiped out during the performance of the last year of contracting. Interpreting the statute, we there held that it did not contemplate dissolution during the year of the performance of a contract. In the present case the dissolution was, by its terms, not to take effect until the beginning of the 1975-76 school year. The proceedings for dissolution, i.e., the public hearing and action, did not take place until July 1975. We think it is a matter of common knowledge that by that time the

1974-75 school year was completed and the instruction contract therefore completely performed.

Fifth: The 1973 amendment was not an ex post facto law. The constitutional prohibition against the passage of ex post facto laws applies only to penal or criminal matters. In re Estate of Rogers, 147 Neb. 1, 22 N. W. 2d 297.

AFFIRMED.