## RONALD L. REED, APPELLANT, V.
## ROBERT PARRATT ET AL., APPELLEES.

301 N.W.2d 343

Filed January 30, 1981. No. 42991.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Linda A. Akers for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The petitioner, Ronald L. Reed, escaped from the Lincoln Work Release Center on October 26, 1976. The facts relating to the escape are set out in *State v. Reed*, 205 Neb. 45, 286 N.W.2d 111 (1979), in which the conviction and sentence for the escape were affirmed.

On February 28, 1978, after a hearing before the Nebraska Penal Complex Adjustment Committee,

the petitioner was ordered to spend 6 months in the Nebraska Penal Complex Adjustment Center and all of his accumulated good time was forfeited. Upon appeal to the Nebraska Penal Complex Appeal Board, the decision of the disciplinary committee was affirmed.

On May 8, 1978, the petitioner commenced this action in the District Court against the warden of the penitentiary, seeking a review of the decision of the disciplinary committee and a declaratory judgment that the respondents had violated the petitioner's constitutional rights and the rules and regulations of the Department of Correctional Services. The petitioner also sought injunctive relief to restore his good time and expunge matters relating to his escape from the prison records. The petition alleged the District Court had jurisdiction of the action under "section 84-917 to 84-919 of Nebraska Revised Statutes, 1943." The statute referred to is the Nebraska Administrative Procedure Act.

The respondents moved to dismiss the action on the ground that the District Court had no jurisdiction of the subject matter of the action.

The trial court found that the petitioner had no right to relief under the Nebraska Administrative Procedure Act and dismissed the petition. The petitioner has appealed.

In 1976, the Legislature enacted a statute providing for disciplinary procedures in adult institutions administered by the Department of Correctional Services. See Neb. Rev. Stat. §§ 83-4,109 to 83-4,123 (Reissue 1976). Section 83-4,109 provides specifically: "Disciplinary procedures in adult institutions administered by the Department of Correctional Services shall be governed by the provisions of sections 83-4,109 to 83-4,123."

The act provides that the department shall promulgate rules and regulations relating to disciplinary matters and grievance procedures. Section 83-4,115

provides that "Any review of disciplinary action imposed upon any person shall be pursuant to the provisions of sections 83-4,109 to 83-4,123." There is no provision in the act for direct judicial review of disciplinary action imposed pursuant to the act, but § 83-4,123 provides that an inmate's right of free access to the courts in any cause of action arising under §§ 83-4,109 to 83-4,123 shall not be impaired or restricted.

It is a general principle that specific statutory provisions relating to a particular subject control over general provisions. *Lentz v. Saunders*, 199 Neb. 3, 255 N.W.2d 853 (1977). Sections 83-4,109 to 83-4,123 constitute a special act relating to disciplinary procedures in adult correctional institutions and control over the more general provisions which are found in the Administrative Procedure Act.

The Administrative Procedure Act is a general act which prescribes procedures for proceedings before many state agencies. Generally, these proceedings involve the rights or privileges of members of the general public and are not related to the internal operation of an institution. Although there is general language in the Administrative Procedure Act upon which an argument may be based that the act is applicable in cases such as this, we do not find the argument persuasive.

It has been recognized that disciplinary procedures in penal institutions are summary in nature and the "full panoply of rights" due a defendant in a criminal prosecution are not applicable to a prison disciplinary proceeding. Only the minimum requirements of procedural due process appropriate for the circumstances must be observed. *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

In the *Wolff* case, the U.S. Supreme Court further recognized that disciplinary proceedings are not adversary proceedings in the nature of a criminal trial and care must be taken to prevent such proceed-

ings from becoming unmanageable. In short, a prison disciplinary proceeding has but few of the characteristics of a "contested case" under the Administrative Procedure Act.

Although there appears to be little precedent in this area, so far as we have been able to determine there is no case which has held that administrative procedure laws are applicable to prison disciplinary proceedings.

A recent text, Hermann & Haft, Prisoners' Rights Sourcebook 248 (1973), states that no case has held the federal Administrative Procedure Act applicable to action taken by the federal Bureau of Prisons. In *Lesser v. Humphrey*, 89 F. Supp. 474 (M.D. Pa. 1950), the court held the Administrative Procedure Act was not applicable to a proceeding before the good time board at a federal correctional institution.

Although the District Court was correct in holding that the petitioner had no right to judicial review of the disciplinary proceeding under the Administrative Procedure Act, it is not clear from the record that the petitioner had no right to declaratory judgment relief. Such relief, if available at all, would necessarily be limited in nature since such an action is a collateral attack upon the decision of the disciplinary committee and any issue concerning the fact of the escape was fully litigated in the criminal prosecution.

We reverse the judgment of the District Court and remand the cause for the limited purpose of determining if the petitioner has any right to declaratory judgment relief.

REVERSED AND REMANDED.

WHITE, J., concurs in result.

KRIVOSHA, C.J., dissenting

I must respectfully dissent from the majority's opinion in its holding that the Nebraska Administrative Procedure Act, being Neb. Rev. Stat. §§ 84-901 to

84-919 (Reissue 1976), does not apply to a prisoner's appeal of disciplinary action taken by the Nebraska Penal Complex Appeal Board.

The majority suggests that while there is general language in the Administrative Procedure Act upon which an argument may be based that the act is applicable, the majority does not find the argument persuasive. I find that the argument is not only persuasive but the result required by the clear language of the act. The State conceded during oral argument before this court that the Department of Correctional Services was a state agency and that the rules promulgated by the Department of Correctional Services involved in this action had been filed with the Revisor of Regulations and Secretary of State, pursuant to Neb. Rev. Stat. § 84-902 (Reissue 1976).

Section 84-917(1) clearly and unequivocally provides: "*Any person* aggrieved by a final decision in a *contested case*, whether such decision is affirmative or negative in form, is entitled to judicial review under sections 84-917 to 84-919. Nothing in this section shall be deemed to prevent resort to other means of review, redress, or relief provided by law." (Emphasis supplied.) And § 84-901(2) defines rule to mean: "[a]ny rule, regulation, or standard issued by an agency, including the amendment or repeal thereof whether with or without prior hearing and designed to implement, interpret, or make specific the law enforced or administered by it or governing its organization or procedure but not including regulations concerning the internal management of the agency not affecting private rights, private interests, or procedures available to the public, and not including permits, certificates of public convenience and necessity, franchises, rate orders, and rate tariffs, and any rules of interpretation thereof, and for the purpose of this act *every rule which shall prescribe a penalty shall be presumed to have general applicability or to affect private rights and interests* . . . ." (Emphasis supplied.)

It seems clear beyond question that the order of the appeal board which found Reed guilty of escape and ordered that he lose all previously acquired good time and spend 6 months in the Nebraska Penal Complex Adjustment Center is a penalty and does, indeed, affect private rights.

The provisions of Neb. Rev. Stat. §§ 83-4,109 to 83-4,123 (Reissue 1976) do not in any manner affect the right of appeal. Those specific sections simply prescribe the procedures under which the hearings before the prison boards shall be conducted in the first instance. That is, in effect, no different than a host of other sections of our statutes prescribing procedures to be followed by various agencies in the first instance. The internal review of disciplinary action may very well, in the first instance, be pursuant to the provisions of §§ 83-4,109 to 83-4,123. One can very easily harmonize the provisions of §§ 83-4,109 to 83-4,123 and the provisions of §§ 84-901 to 84-919, the former applying to hearings before the agency and the latter applying to appeals before the court from the action of the agency. They are not in any manner inconsistent or contrary one to the other.

While it may very well be that no court has heretofore required that provisions of the Administrative Procedure Act be made available to prisoners, it seems clear to me that our Legislature has so provided and this court cannot take it away. If the right of a prisoner to appeal from the action of the disciplinary review board to the court pursuant to the Administrative Procedure Act is to be denied, it must be done so by the Legislature in providing a specific exception to the Nebraska Administrative Procedure Act.

I would have held that the act applied; that the court had jurisdiction of the matter; and the inmate was entitled to a verbatim transcript of the proceedings before the prison disciplinary committee.

BRODKEY, J., joins in this dissent.