ROBERT N. MOORE, JR., ALSO KNOWN AS ROBERT THOMAS, APPELLANT, V. CHARLES BLACK, WARDEN, NEBRASKA STATE PENITENTIARY, ET AL., APPELLEES.

368 N.W.2d 488

Filed May 31, 1985. No. 84-715.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos, Special Deputy Public Defender, for appellant.

A. Eugene Crump, Deputy Attorney General, and Linda L. Willard, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Plaintiff, Robert N. Moore, Jr., appeals from the dismissal of his petition against the defendant prison warden and others, which petition sought a declaration that his rights were violated by the manner in which his prison disciplinary proceeding was conducted, and for restoration of his good time and other relief. His five assignments of error present two issues: (1) Whether the sole avenue for judicial review of the decision of the Administrative Appeal Board of the Nebraska Penal Complex was by a proceeding in error; and (2) Whether the hearing before the disciplinary committee of the Nebraska Penal Complex was conducted in such a manner as to violate his rights under the statutes of this state, under the state and federal Constitutions, and under the rules and regulations of the Department of Correctional Services. We determine that Moore's sole avenue of review was by a proceeding in error. In view of that determination we do not reach the second issue. We affirm.

Moore, an inmate at the Nebraska Penal and Correctional Complex, was charged with assault and possession or manufacture of a weapon, in violation of prison disciplinary rules, in connection with a stabbing incident in which another inmate was injured. The disciplinary committee, on September 1, 1982, found, after an evidentiary hearing, that Moore was guilty of both charges. The committee then ordered him to serve 4 years in the Adjustment Center at the penal complex and revoked all of his good time. Moore appealed to the Administrative Appeal Board which, on November 23, 1982, denied relief.

On May 19, 1983, Moore made a pro se filing in the district court of a document entitled "Petition for Writ of Habeas Corpus" against Charles Black, warden of the penitentiary, seeking restoration of his good time. No transcript of the proceedings before the board was filed with the petition.

On June 6, 1983, the Lancaster County public defender's office entered the case by filing a document entitled "Amended Petition for Declaratory Judgment," seeking the reliefs mentioned in the first paragraph of this opinion. This document alleges that at the hearing before the disciplinary

committee a variety of Moore's constitutional rights were violated by the denial of his right to produce witnesses and his right to have his accusers present and that the evidence was inadequate to support the committee's findings. On July 21, 1983, Moore made a second pro se filing, entitled "Second Amended Petition for Declaratory Judgement," against Black and the unnamed members of the disciplinary committee, setting forth in greater detail the events which allegedly violated his constitutional rights.

On June 27, 1984, following a trial at which evidence was presented, the district court dismissed the action on the basis that an appeal from the board can only be had by a proceeding in error under the provisions of Neb. Rev. Stat. §§ 25-1901 et seq. (Reissue 1979). The trial court concluded that Moore's failure to file his appeal within a month of the date of the board's order deprived that court of jurisdiction.

The statutes dealing with disciplinary proceedings in adult institutions administered by the Department of Correctional Services do not make any provision for an appeal from the determinations of the board. Neb. Rev. Stat. §§ 83-4,109 through 83-4,123 (Reissue 1981). However, § 83-4,123 provides: "Nothing in sections 83-4,109 to 83-4,123 shall be construed as to restrict or impair an inmate's free access to the courts and necessary legal assistance in any cause of action arising under sections 83-4,109 to 83-4,123."

Section 25-1901 provides: "A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

We have held that where no other method of appeal is provided, one may obtain judicial review by proceedings in error under §§ 25-1901 et seq. *Fisher v. Housing Auth. of City of Omaha*, 214 Neb. 499, 334 N.W.2d 636 (1983), discussed in detail later in this opinion; *Languis v. De Boer*, 181 Neb. 32, 146 N.W.2d 750 (1966); *Cacek v. Munson*, 160 Neb. 187, 69 N.W.2d 692 (1955). However, as in all appeals, the time requirements are mandatory and must be met in order for the appellate tribunal to acquire jurisdiction of the subject matter.

*Wood v. Village of Culbertson, ante* p. 94, 368 N.W.2d 468 (1985); *Marcotte v. City of Omaha,* 196 Neb. 217, 241 N.W.2d 838 (1976).

Section 25-1931 provides: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one calendar month after the rendition of the judgment or making of the final order complained of . . . ." Section 25-1905 further requires: "The plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified."

Since Moore failed to satisfy the requirements of §§ 25-1905 and 25-1931, it is clear that no valid proceeding for review by error was perfected. *Fisher v. Housing Auth. of City of Omaha, supra.*

Thus, we confront Moore's claim that he is entitled to a judicial review by his suit for a declaratory judgment.

Neb. Rev. Stat. §§ 25-21,149 through 25-21,164 (Reissue 1979) address the nature and the use of such actions. Section 25-21,149 provides:

Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

Section 25-21,150 provides in pertinent part: "Any person . . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder."

In *Fisher v. Housing Auth. of City of Omaha, supra*, Fisher brought an appeal to the district court under the Administrative Procedures Act, Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1981), together with a separate claim for damages on the ground that his constitutional rights had been violated by the

termination of his employment with the Omaha Housing Authority.

This court affirmed the district court's dismissal of the action, holding that the appeal under the Administrative Procedures Act was improper because the Omaha Housing Authority was not a state agency. We noted that no other provision existed for an appeal from the decision of the board of commissioners of a housing authority in the Nebraska housing authorities law, and concluded that the proper method of seeking judicial review in such cases was by a proceeding in error. Since a transcript of the proceedings before the board of commissioners had not been filed pursuant to § 25-1905 until well after the 1-month deadline had passed, we held that the district court lacked jurisdiction to hear the proceeding in error and affirmed the dismissal.

We went on to discuss Fisher's cause of action for damages based on the alleged violation of his constitutional rights and observed that no new facts had been pled to support those allegations but that "[p]laintiff is simply trying to raise the same issues in an original action which he attempted to raise on direct appeal from the board of commissioners." 214 Neb. at 505, 334 N.W.2d at 640. We then held Fisher's actions to be an impermissible collateral attack on the decision of the Omaha Housing Authority, and affirmed our earlier ruling that the prohibition against collateral impeachment of judicial decisions applies to the determinations of state and county officers or boards of officers who are called upon to act judicially in matters of administration.

In *Cacek v. Munson*, 160 Neb. 187, 69 N.W.2d 692 (1955), plaintiffs sought to enjoin various officials from asserting dominion or control over their school district. Plaintiffs alleged that the petitions proposing the merger of their district were not signed by the requisite percentage of legal voters in the county, and so were not valid. The district court sustained the defendants' motion to dismiss the action. We affirmed, holding that where the county superintendent, in a proper hearing on the matter, found that the petitions were signed by the requisite number of voters, the superintendent had the jurisdiction and the mandatory duty to order the boundary changes requested

by the petitions and that his decision was judicial in nature. We further held that a proceeding in error was the proper means to review the county superintendent's decision, and not the injunction action brought by plaintiffs. We also held that the order could not be attacked collaterally unless fraud was alleged or the decision of the superintendent was void because of lack of jurisdiction.

*State ex rel. Ritthaler v. Knox*, 217 Neb. 766, 351 N.W.2d 77 (1984), is one of the more recent cases applying the principle that only a void judgment may be attacked collaterally.

In discussing the nature of an action for declaratory judgment in *Zarybnicky v. County of Gage*, 196 Neb. 210, 215, 241 N.W.2d 834, 837 (1976), we said: "[A] declaratory judgment action 'is not a substitute for new trial or appeal, nor does it operate to supersede former adjudications *or proper proceedings already pending in a court.*' (Emphasis supplied.) Phelps County v. City of Holdrege, 133 Neb. 139, 274 N.W. 483." We also stated: " 'Ordinarily an action for a declaratory judgment will not be entertained where another equally serviceable remedy has been provided by law.' " *Id.*

*Fisher, Cacek, Ritthaler,* and *Zarybnicky* teach that an original action which does not state a valid, independent cause of action apart from the appeal of a lower tribunal's decision constitutes an impermissible collateral attack on that decision and is not maintainable as an action for a declaratory judgment unless the decision was procured by fraud or the lower tribunal lacked jurisdiction, thus rendering its decision void.

Nonetheless, Moore appears to argue that our decision in *Reed v. Parratt*, 207 Neb. 796, 301 N.W.2d 343 (1981), says otherwise. It does not. In *Reed* the appellant had escaped from the Lincoln Work Release Center. His escape then served as the basis for prison disciplinary action, as well as a criminal prosecution. As a result of a hearing before the then Nebraska Penal Complex Adjustment Committee, Reed lost all of his accumulated good time and was placed in the Nebraska Penal Complex Adjustment Center. That action was affirmed by the then Nebraska Penal Complex Appeal Board. Reed thereafter appealed to the district court under the Administrative Procedures Act, and also sought a declaration of his rights and

a mandatory injunction to restore his good time. A majority of this court held that the Administrative Procedures Act did not apply to appeals from the Nebraska Penal Complex Appeal Board. The majority opinion also stated, however:

[I]t is not clear from the record that the petitioner had no right to declaratory judgment relief. Such relief, *if available at all*, would necessarily be limited in nature since such an action is a collateral attack upon the decision of the disciplinary committee and any issue concerning the fact of the escape was fully litigated in the criminal prosecution.

(Emphasis supplied.) *Id*. at 799, 301 N.W.2d at 345.

The judgment was reversed and remanded for "the limited purpose of determining" if the petitioner had any right to declaratory judgment relief. *Id*.

Whatever the situation may have been in *Reed*, the record here presents no question of fraud or lack of jurisdiction. The decision of the Administrative Appeal Board is therefore not void and consequently may not be attacked collaterally.

Affirmed.