REQUESTED BY: Donald S. Leuenberger State Tax Commissioner
1: Is the usage of bingo revenues to purchase prizes to be awarded by a game of chance other than bingo an allowable expense of a licensee under the Nebraska Bingo Act?
2: Is an organization licensed to conduct bingo permitted by law to conduct a gift enterprise.
No.
No.
Section 9-201 (Supp. 1986) provides: "Sections 9-201
to 9-265 shall be known and may be cited as the Nebraska Bingo Act.
Within that Act, § 9-261 (Supp. 1986) specifically provides: "No expense shall be incurred or amounts paid in connection with the conduct of bingo by a licensed organization, except those reasonably expended for prizes, utilities used during the bingo occasion, security services used during the bingo occasion, bingo license fees. . . ." The remainder of the section contains no material relevant to the present question.
Obviously, the reference to prizes in the above statute refers to "bingo prizes" and not prizes awarded for some other game not covered by the Act. It should be noted that at the same session of the Legislature, the Legislature passed three other complete acts regulating the awarding of prizes for games of chance other than bingo. It is, of course, a well established rule of construction of statutes that specific statutory provisions relating to a particular subject control over general provisions. Reed v. Parratt,207 Neb. 796, 301 N.W.2d 343 (1981). In this regard, any organization awarding prizes to the winners of a game of chance conducted by such organizations are regulated by the specific Act under which the activity falls.
Another fundamental rule of legislative construction is that all parts of an act relating to the same subject matter should be considered together and not each by itself. Legislative intent may be determined from general consideration of the whole act with reference to the subject matter to which it applies. State v. Jennings, 195 Neb. 434,238 N.W.2d 477 (1976); and Anderson v. Peterson, 221 Neb. 149,375 N.W.2d 901 (1985).
The Nebraska Bingo Act relates in its entirety to the conduct and regulation of bingo and there is no reason whatever to believe that the Legislature intended for the word "prizes" in § 9-261 of that Act to refer to anything other than prizes to be awarded to winners of a bingo contest.
Section 9-701 (Supp. 1986) provides:
Any person engaged in a bona fide business with an established place of business in this state or, in the case of a foreign corporation, with an established place of business in another state may, solely for the purpose of business promotion and not for profit to such person, conduct a gift enterprise.
For purposes of this section, gift enterprise shall mean a game in which prizes are offered and awarded to participants in such games when no payment is required for participation. Such games may require as a condition of participation the evidence of the purchase of a product or other property, except that the price charged for such product or other property shall be no greater than it would be if no game were involved.
There are several requirements in the above statute to qualify a game or contest as a gift enterprise. (1) It must be a person engaged in a bona fide business with an established place of business; (2) It must be conducted solely for the purpose of business promotion and not for profit to such person; (3) No payment may be required to participate in the game or contest except a purchase of a product or other property may be required at a price no greater than it would be for such product or property if no game were involved.
Webster's New World Dictionary, Second College Edition, Copyright 1982, defines business in part as follows: "1. one's work, occupation, or profession." Given the fact that this section is separate and apart from the other Acts alluded to above regulating games of chance other than bingo, it is very doubtful that the Legislature intended to apply this stricter section to other than businesses engaged in profit-making enterprise. This is borne out by the requirement that the game must be conducted "solely for the purpose of business promotion." It is difficult to envision that any nonprofit corporation which is eligible for a bingo license would at the same time be involved in a profit-making business within the intent of § 9-701 set forth above and still be eligible for its exemption under the Internal Revenue Code which is a requirement of the bingo license.
In State v. City Betterment Corporation, 197 Neb. 575,250 N.W.2d 601 (1977), a statute was involved which provided in part that: "Any bona fide nonprofit organization whose primary activities are conducted for charitable and community betterment purposes may conduct lotteries, raffles, and gift enterprises when the proceeds of such activities are used solely for charitable or community betterment purposes and the awarding of prizes to participants." A group of Omaha citizens organized what was known as the "big green lottery" as a nonprofit corporation to be operated "exclusively for charitable and educational purposes, including in particular, for the charitable or community betterment purposes of the downtown area of Omaha, Nebraska." City Betterment Corporation, which operated the big green lottery, was specifically found to be a bona fide nonprofit organization. However, the Supreme Court of Nebraska determined that City Betterment Corporation's "primary activities" of conducting a lottery, the proceeds of which went for community betterment purposes, did not make the corporation one whose "primary activities" were conducted for charitable and community betterment purposes because it must be so engaged (in charity, etc.) before the organization was authorized to conduct lotteries. In so construing, the Supreme Court stated: "A statute should be construed in the context of the object sought to be accomplished, the evils and mischief sought to be remedied, and the purpose to be served." State v. City Betterment Corporation,197 Neb. 575 at 580.
We have the converse situation here. A nonprofit corporation with an exemption under the Internal Revenue Code claiming it is conducting a gift enterprise promoting its business. We think that § 9-701 must be construed within the context of it and the other statutes the Legislature has enacted for the regulation of gambling activities, and that § 9-701 was not intended to apply to such a nonprofit corporation.
There is still another possibility which should be considered. A nonprofit corporation may conduct a drawing type lottery or raffle without a license provided it does not have gross proceeds in excess of $1,000 in the case of a drawing where cash prizes are given, or in excess of $5,000 in the case of a drawing where 80 percent merchandise prizes are given. Such drawings may not be conducted more than once each month. See, Small Lottery and Raffle Act (§ 9-501 to 9-513, operative July 17, 1986). The Act has nothing to do with whether or not a nonprofit corporation conducting the small lottery is a bingo licensee. But, if a bingo licensee is also attempting to operate a small lottery, it must comply with the Small Lottery and Raffle Act as above stated. It therefore cannot have proceeds in excess of the amounts allowed, it cannot conduct the drawings more often than once per month, and, as stated earlier, it cannot use bingo proceeds to purchase prizes.
Hoping this will be of assistance to you, we are
Very truly yours,
ROBERT M. SPIRE Attorney General
Mel Kammerlohr Senior Assistant Attorney General