IN RE INTEREST OF DANIEL A. MURRAY, ALLEGED TO BE A
MENTALLY ILL DANGEROUS PERSON.
STATE OF NEBRASKA, APPELLEE, V. DANIEL A. MURRAY,
APPELLANT.
455 N.W.2d 185

Filed May 18, 1990.    No. 89-1229.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Marjorie A. Records for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The appellant, Daniel A. Murray, was convicted of incest on February 5, 1986, was found to be an untreatable mentally disordered sex offender, and was sentenced to 4 to 7 years' imprisonment. He was scheduled to be released on May 7, 1989.

Pursuant to Neb. Rev. Stat. § 29-2920 (Reissue 1989), the Douglas County Attorney was notified that the appellant's release was pending. That office then filed a petition before the Douglas County Mental Health Board (Board), alleging that the appellant was a mentally ill dangerous person under the Nebraska Mental Health Commitment Act, Neb. Rev. Stat. §§ 83-1001 et seq. (Reissue 1987).

During the proceedings before the Board, the appellant filed a "Plea in Abatement," moving that the case be dismissed

because Douglas County was not the correct venue as provided in § 83-1025. Treating the plea as a motion for change of venue, the Board found that petitions filed pursuant to § 29-2920 are properly filed before the board of mental health in the county where the underlying criminal charges were prosecuted. The appellant's motion was overruled.

After a hearing on April 27, 1989, the Board found that the appellant was mentally ill and dangerous and that the least restrictive treatment alternative was inpatient hospitalization. The appellant was ordered committed to the Lincoln Regional Center for treatment of pedophilia. Upon appeal, the commitment order was affirmed by the district court for Douglas County.

The appellant contends the district court erred in affirming the commitment order because the commitment proceeding was improperly held in Douglas County. He claims that any mental health commitment proceeding should have been conducted in Lancaster County because he was incarcerated in Lancaster County at the time the petition was filed.

Section 29-2920 provides that 90 days prior to the release from custody of any mentally disordered sex offender who has previously been adjudged untreatable and sentenced pursuant to Neb. Rev. Stat. § 29-2914 (Reissue 1989), the unit of government having final release authority "shall give notice to the county attorney who prosecuted the underlying criminal charge that the release of such offender is so pending." The statute further provides that "[u]pon receipt of such notice from the releasing authority, the county attorney shall cause mental health commitment proceedings to be commenced on behalf of such offender pursuant to the Nebraska Mental Health Commitment Act."

The appellant relies upon §§ 83-1024 and 83-1025. Section 83-1024 provides:

> Any person believing that any individual is a mentally ill dangerous person may communicate his or her belief to the county attorney. Should the county attorney concur that the individual is a mentally ill dangerous person and that neither voluntary hospitalization nor other treatment alternatives less restrictive of the subject's liberty than a

mental health board-ordered treatment disposition are available or would suffice to prevent the harm described in section 83-1009, the county attorney shall cause a petition to be drafted and acted upon as provided in this act.

Section 83-1025 provides, in part: "The petition provided for in section 83-1024 shall be filed with the clerk of the district court of any county within the judicial district where the subject is found."

The appellant also relies upon *In re Interest of Adams*, 230 Neb. 109, 430 N.W.2d 295 (1988). Adams was in the Lincoln Regional Center in Lancaster County at the time the Morrill County Attorney filed a petition before the Morrill County board of mental health pursuant to the Nebraska Mental Health Commitment Act. Adams was ordered committed to the Hastings Regional Center and argued on appeal that because he was in Lancaster County at the time the petition was filed, the Morrill County board of mental health lacked jurisdiction of proceedings for Adams' commitment.

In *Adams*, we held that § 83-1025 is a venue statute, expressing the correct site for proceedings before a county board of mental health pursuant to the Nebraska Mental Health Commitment Act. However, because Adams had failed to raise any issue concerning venue, we did not determine whether Lancaster County or Morrill County was the correct venue under § 83-1025.

This case is distinguishable from *Adams* because the petition in this case was filed pursuant to § 29-2920, not § 83-1024, and the appellant had been prosecuted and convicted of a sexual offense in Douglas County for which he was imprisoned in Lancaster County.

Section 29-2920 specifically provides that upon being informed of the offender's impending release from custody, the county attorney who prosecuted the underlying criminal charge shall cause mental health commitment proceedings to be commenced against the offender. Section 29-2920 is a special statute relating to mentally disordered sex offenders who have previously been found to be untreatable and have been sentenced and are now about to be released. The statute

specifically provides that notice of the impending release shall be given to the county attorney "who prosecuted the underlying criminal charge" and that that county attorney "shall cause mental health commitment proceedings to be commenced."

Sections 83-1024 and 83-1025 are part of a general statutory scheme which relates to the commitment of mentally ill dangerous persons.

It is a general principle that specific statutory provisions relating to a particular subject control over general provisions. *Reed v. Parratt*, 207 Neb. 796, 301 N.W.2d 343 (1981); *Lentz v. Saunders*, 199 Neb. 3, 255 N.W.2d 853 (1977).

Under the facts and circumstances in this case, the proper venue for commitment proceedings was Douglas County, Nebraska. The judgment of the district court is affirmed.

AFFIRMED.