JAMES R. MARKS, APPELLANT, v. JUDICIAL NOMINATING COMMISSION FOR JUDGE OF THE COUNTY COURT, 20TH JUDICIAL DISTRICT, ET AL., APPELLEES.

461 N.W.2d 551

Filed October 26, 1990.    No. 88-679.

Bernard J. Glaser, Jr., for appellant.

Robert M. Spire, Attorney General, and William L. Howland for appellees.

Steven L. Willborn for amicus curiae Nebraska Civil Liberties Union.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

This is a suit for a declaratory judgment under the Nebraska

public meetings law, Neb. Rev. Stat. §§ 84-1408 to 84-1414 (Reissue 1987). The plaintiff, James R. Marks, a resident and citizen of Valley County, Nebraska, sought a judgment declaring that the action of the Judicial Nominating Commission for Judge of the County Court, 20th Judicial District, at its meeting held on March 27, 1987, was void and that the defendants be enjoined from violating the Nebraska public meetings law. The defendants are the nominating commission and the members of the commission.

The plaintiff and the defendants filed motions for summary judgment, which were heard upon the pleadings, affidavits, and a stipulation of the parties. The trial court sustained the defendants' motion and dismissed the petition. The plaintiff has appealed.

The plaintiff's theory of the case is that the Nebraska public meetings law, §§ 84-1408 to 84-1414, applies to judicial nominating commissions and any action by such a commission must conform to the requirements of the public meetings law.

The meeting of the commission involved in this case took place on March 27, 1987. The commission members met at Broken Bow, Nebraska, to select nominees for judge of the county court, 20th Judicial District.

After the voting members of the commission in attendance took the oath prescribed by law, the commission held a public hearing. At and during the public hearing, the commission received comments and documents in addition to that information which it had previously received concerning the qualifications of lawyers who had signified in writing their willingness to serve as a judge if appointed.

Following the public hearing, the commission met privately and confidentially in closed session, during which it interviewed the various candidates. After the interviewing process, the commission considered and deliberated upon the qualifications of each of the candidates.

Following the interviews, consideration, and deliberation, and while still in closed session, the chairman of the commission conducted, and recorded in writing, an oral rollcall vote of each voting member of the commission who was present. After the votes were counted and the voting members

were satisfied that an accurate count had been made, a letter certifying the results was signed by each member and sent to the Governor of Nebraska.

In granting the defendants' motion for summary judgment, the trial court found that the commission's selection of nominees in a closed session was authorized by Neb. Rev. Stat. § 24-810(3) (Reissue 1989). The court ruled that Neb. Rev. Stat. §§ 24-801 to 24-812.01 (Reissue 1989) specifically relate to judicial nominating commissions and thus govern over the public meetings statutes, §§ 84-1408 to 84-1414, which are general statutes relating to public meetings.

There can be no question that §§ 24-801 to 24-812.01 constitute a special, independent legislative act, complete in itself, which is intended to cover the entire subject of the selection of nominees by judicial nominating commissions. It contains broad provisions concerning procedural methods to be used by nominating commissions in selecting judicial nominees.

Section 24-809, in accordance with article V, § 21(5), of the Nebraska Constitution, provides in part: "In selecting or rejecting judicial nominees, said commission shall vote by oral roll call vote." It is of some significance that neither the Constitution nor the statute provides that the vote shall be public or be taken at a public hearing. Furthermore, § 24-812 specifically provides that all communications between members of judicial nominating commissions shall be confidential.

Section 24-810(2) provides for a public hearing which any member of the public shall be entitled to attend and, at the hearing, to express, either orally or in writing, his or her views concerning candidates for appointment to judicial vacancies.

Section 24-810(3) provides in pertinent part: "After the public hearing the nominating commission shall hold such *additional private or confidential meetings* as it determines to be necessary. Additional information may be submitted in writing to the judicial nominating commission, at any time prior to its selection of qualified candidates to fill the vacancy." (Emphasis supplied.)

When read as a whole, the language appearing in §§ 24-801

to 24-812.01 is plain, direct, and unambiguous. It provides that a judicial nominating commission may select or reject judicial nominees, after the public hearing, in a private or confidential meeting, provided the vote is taken by an oral rollcall.

In his petition, Marks prayed that the court find that the March 27, 1987, nominations made by the judicial nominating commission were void because of its failure to comply with the provisions of the Nebraska public meetings law, §§ 84-1408 to 84-1414. In particular, Marks argues that the public meetings law prohibits the selection of nominees in closed session.

Marks' contention in this regard fails for at least two reasons. It is clear that §§ 24-801 to 24-812.01 are special statutes concerning the selection of judges by judicial nominating commissions, while §§ 84-1408 to 84-1414, the Nebraska public meetings law, are general statutes relating to public meetings. That is to say, §§ 24-801 to 24-812.01 are special statutes, while §§ 84-1408 to 84-1414 are general statutes. That difference is controlling.

It is a general principle of statutory construction that specific statutory provisions relating to a particular subject control over general provisions. *Lentz v. Saunders*, 199 Neb. 3, 255 N.W.2d 853 (1977); *Reed v. Parratt*, 207 Neb. 796, 301 N.W.2d 343 (1981). Sections 24-801 to 24-812.01 constitute a special act relating to judicial nominating commissions which controls over the more general provisions found in the Nebraska public meetings law.

Further, the Nebraska public meetings law was enacted to ensure that public policy is formulated at open meetings of the bodies to which the law is applicable. The declaration of the intent of the public meetings law is found in § 84-1408:

It is hereby declared to be the policy of this state that the formation of public policy is public business and may not be conducted in secret.

Every meeting of a public body shall be open to the public in order that citizens may exercise their democratic privilege of attending and speaking at meetings of public bodies . . . .

Section 84-1408 makes it clear that the main purpose of the public meetings law is to ensure that *public policy* is formulated

at open meetings.

It may be said with certainty that the selection of nominees for judicial vacancies does not involve the formation of *public policy*. Therefore, the act of selecting nominees to fill judicial vacancies was not intended to fall within the provisions of the Nebraska public meetings law.

Marks' claim that the action of the Judicial Nominating Commission, 20th Judicial District, on March 27, 1987, was void under the Nebraska public meetings law, see § 84-1414, is without merit in view of the inapplicability of the Nebraska public meetings law to judicial nominating commissions.

The district court correctly granted summary judgment to the defendants because there was no genuine issue as to any material fact before the court and the defendants were entitled to a judgment as a matter of law. See, Neb. Rev. Stat. § 25-1332 (Reissue 1989) (summary judgment); *John v. OO (Infinity) S Development Co.*, 234 Neb. 190, 450 N.W.2d 199 (1990).

The judgment of the district court is affirmed.

AFFIRMED.

CAPORALE, J., not participating.