REQUESTED BY: Sara Olsen Scotts Bluff County Attorney
In your opinion request letter, you indicated that you were writing on behalf of the Scotts Bluff County Board of Commissioners. You also indicated that you had enclosed a copy of a policy of the Lancaster County Board of Commissioners regarding executive or closed sessions and minutes. You then stated, "[t]he Scotts Bluff County Board of Commissioners is requesting an opinion from the Attorney General as to whether or not the enclosed policy [of the Lancaster County Board] is correct pursuant to the Nebraska Public Meetings Laws."
In our Op. Att'y Gen. # 88024 (March 17, 1988), we stated that we would issue formal opinions of the Attorney General to County Attorneys in Nebraska only with respect to questions involving "criminal matters" and "matters relating to the public revenue." That policy was based upon our statutory authority and the resources available to this office. We continue to adhere to that policy. In addition, we have previously stated that we will issue opinions to executive state officers and members of the Legislature only in connection with matters which arise in the discharge of their duties. See Op. Att'y Gen. # 97002 (January 8, 1997).
In the present instance, we do not believe that the duties of the Scotts Bluff County Board of Commissioners encompass implementation of the policies of the Lancaster County Board. For that reason, we cannot answer the specific question from the Scotts Bluff County Board set out above dealing with the propriety of policies used in Lancaster County. However, from discussions with you and with others, we understand that the actual issue underlying the opinion request from the Scotts Bluff County Board is whether or not the Public Meetings Statutes require public bodies to keep minutes during a closed or executive session. Since possible sanctions for violation of the Nebraska Public Meetings Statutes include criminal prosecution along with other types of enforcement actions, we will provide you with our opinion as to that underlying question, because it does involve criminal matters in a sense, and also because we could be called upon to enforce the public meetings laws with respect to the creation of minutes during a closed session. Our conclusions stated below, therefore, reflect our enforcement policy in connection with the necessity for keeping minutes during a closed session of a public body.
The Nebraska Public Meetings Statutes are generally set out at Neb. Rev. Stat. §§ 84-1408 through 84-1414 (1994, Cum. Supp. 1996, Supp. 1997). Their purpose is to ensure that public policy is formulated at open meetings of the bodies to which the law is applicable. Marks v. Judicial Nominating Commission forJudge of the County Court of the 20th Judicial District,236 Neb. 429, 461 N.W.2d 551 (1990).
Two sections of the Public Meetings Statutes have application to the question presented above. First of all, §84-1413 provides, as is pertinent:
 (1) Each public body shall keep minutes of all meetings showing the time, place, members present and absent, and the substance of all matters discussed.
* * *
 (4) The minutes of all meetings and evidence and documentation received or disclosed in open session shall be public records and open to public inspection during normal business hours.
In addition, § 84-1410 provides, as is relevant to our inquiry:
 (2) The vote to hold a closed session shall be taken in open session. The vote of each member on the question of holding a closed session, the reason for the closed session, and the time when the closed session commenced and concluded shall be recorded in the minutes. The public body holding such a closed session shall restrict its consideration of matters during the closed portions to only those purposes set forth in the minutes as the reason for the closed session. The meeting shall be reconvened in open session before any formal action may be taken. . . .
 (3) Any member of any public body shall have the right to challenge the continuation of a closed session if the member determines that the session has exceeded the reason stated in the original motion to hold a closed session . . . . Such challenge shall be overruled only by a majority vote of the members of the public body. Such challenge and its disposition shall be recorded in the minutes.
Although the matter is not entirely clear, we believe that the statutes cited above, when considered together, indicate that minutes of all matters discussed need not be kept when a public body is meeting in closed or executive session. § 84-1413
does require public bodies to keep minutes showing the "substance of all matters discussed." However, § 84-1410, which deals specifically with closed or executive sessions of a public body, sets out the particular items which must be included in the minutes of a meeting with respect to a closed session, including the vote of each member on the question of holding a closed session, the reason for the closed session, the time when the closed session commenced and concluded and the result of any challenge to the continuation of the closed session. In Nebraska, special provisions in a statute regarding a subject will prevail over general provisions in the same or other statutes. Curry v.State ex rel. Stenberg, 242 Neb. 695, 496 N.W.2d 512 (1993). It appears to us that the provisions of § 84-1410 pertaining to the specific requirements of minutes for a closed session are special provisions which control over the more general minute requirements set out in § 84-1413. On that basis, minutes for a closed session need not contain anything beyond the requirements set out in § 84-1410.
Our conclusion with respect to the requirements for minutes of a closed session is supported in two respects. First of all, it is clear under § 84-1410 that a public body holding a legitimate closed session must limit its consideration of matters during the closed session to the purposes set forth in the minutes as the reason for the closed session. It is also clear under that same statute that the public body cannot take formal action except in open session. Therefore, closed sessions can be used by a public body only on a very limited basis for discussion purposes when the need for the closed session is clear under § 84-1410. In our view, this restrictive use for closed sessions supports the notion that detailed minutes of the discussion are not required or necessary.
More importantly, it appears to us that minutes of meetings of public bodies are public records under § 84-1413 (4) and the Nebraska Public Records Statutes, Neb. Rev. Stat. §§84-712 through 84-712.09 (1994, Cum. Supp. 1996). In that regard, we are unaware of any specific statute which would allow a public body to keep detailed minutes of a closed session confidential. As a result, if a public body were to keep detailed minutes pertaining to its discussions in closed session, the public could presumably inspect and review those minutes at a later time. It makes little sense to us to interpret the statutes to allow a public body to go into a closed session and at the same time require that same public body to keep detailed minutes of those proceedings which could be viewed by the public. The fact that the minutes could be viewed by the public under those circumstances would negate the very purpose of the closed session.[1]
Consequently, for enforcement purposes, this office will take the position that detailed minutes of closed sessions are not required by the Public Meetings Statutes. However, the minutes of such sessions must meet the requirements of §84-1410. Obviously, other agencies with enforcement authority under those statutes may take a different view.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General
[1] The language of § 84-1413 (4) also supports our conclusion in and of itself. That section distinguishes evidence and documentation received or disclosed by a public body in open session from such materials received or disclosed in closed session. Under § 84-1413 (4), only the former is available to the public for inspection. In our view, that portion of the statute evidences a general legislative intent to maintain the confidentiality of discussions during closed sessions.